Bernauer v. Hartman Steel Co.

33   491
108  ¹107

## FANNY BERNAUER AND VALENTINE RUH

### v.

## HARTMAN STEEL COMPANY.

*Master and Servant—Negligence of Servant—Master's Liability—Independent Contractor—Evidence.*

In an action brought by a tenant against his landlord for the recovery of damages for injury suffered through the overflowing of a tank, caused by the negligence of the employes of a plumber engaged in making certain repairs in the building in question, this court holds that the said plumber was not an independent contractor, and declines to interfere with a judgment in behalf of the plaintiff.

[Opinion filed September 11, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. ARNOLD TRIPP and EUGENE EHRLICH, for appellants.

If there is any liability at all it is for actual damages, and this must be proven. In this case one witness only testified on this point, and that was Mr. Williams. The total damage

was about $400. " I can not tell in detail how much the damaged goods were sold for;" this is all the evidence offered as to damage. Now we submit that the rule as to damages is not about a given sum but such damages as were sustained actually; and about $400 may mean only $395 or even less; such evidence should not have been considered, and if considered, does not furnish a measurement from which the court can find any amount.

As to the law in the case : The evidence shows that Ruh was employed as a plumber to do a specific job. He employed the man who did it; he assumed entire control of the work, gave the necessary directions, took possession of the premises at the time of doing the work, and did the job according to his own skill and judgment, in a good, workmanlike manner, without any interference or suggestion from the owner or her ag·nt. Ruh was an independent contractor, and not a servant. Quarman v. Burnett, 6 Mees. & Wel. 499; Milligan v. Wedge, 12 Adol. & Ellis, 737; Butler v. Hunter, 7 Hurlstone & Norman, 826; DeForest v. Wright et al., 2 Mich. 369; Stone v. Codman, 15 Pick. 297; Shearman & Redf. on Negl., Sec. 74–76 and 77 (2d Ed.); Harrison v. Collins, 86 Pa. State, 153; Scammon v. City of Chicago, 25 Ill. 361; Hale et al. v. Johnson, 80 Ill. 185.

The owner of fixed property is not liable for wrongs of an independent contractor, or his servants. 2 Thompson on Negl., 899; Hoit v. Whately, 51 Ala. 569; Shaw v. Crocker, 42 Cal. 435; Harrison v. Collins, 86 Pa. 153; Linton v. Smith and others, 8 Gray, 147; Wharton on Negl., Sec. 181; Corbin v. American Mills, 22 Conn. 274; Prairie State L. & T. Co. v. Doig et al., 70 Ill. 52; Scammon v. City of Chicago, 25 Ill. 434; Shearman and Redfield on Negl., 100; Hole v. Railway Co., 6 Hurlstone & Norman, 497.

The evidence establishes the fact that the plaintiff's goods would not have been damaged if a certain faucet marked "B" had not been left open in the night. The trial court must necessarily have found that Ruh's workman left it open, and did not notify anybody not to turn it different from the way he left it. This finding was contrary to the evidence. But

supposing that such was the fact, the act which caused the damage did not result from the authority of the defendant, Fanny Bernauer. The authority under which the plumber who did the work acted was that of his master. He could not have two masters at the same time. Ruh was his master; he hired him ; he directed him what to do. The agent of the owner was not present at any time during the progress of the work. Fanny Bernauer did not do the act which caused the mischief. It was not done by one acting under her command or request, it was not done by one over whose conduct she had the efficient control, whose operations she might direct, whose negligence she might restrain. She can not be held liable, unless upon the general proposition that a person shall be answerable for any injury which arises in carrying into execution that which he has employed another to do. The law does not impose so broad a responsibility. Rapson v. Cubitt, 9 M. & W. 710 (1842); De Forrest v. Wright, 2 Mich. 368; Hilliard v. Richardson, 3 Gray, 349; City of Chicago v. Robbins, 2 Black, 418.

Messrs. E. H. & N. E. GARY, for appellee.

The plumber was grossly negligent in many respects. He failed to notify appellee of the change, so as to permit its officers to protect its property; he failed to close and tighten stop-cock H; he failed to notify any one about the premises of the danger, or how to prevent damage, and closing the waste-pipes was not only unnecessary but a most bungling job; he left the premises at 3 o'clock in the afternoon. There was ample time that day before the water rose to put in a piece of pipe in pipe A, thus closing the gap and preventing damage. Even if the water had come through the sink and the faucet had been left open, or the surplus water had gone through the branch pipe in which stop-cock B was located, and the stop-cock had been opened and left open by an unknown person, still the negligence of the plumber was the proximate cause of the damage, and appellants would be liable.

As to the amount of the damages, the manager of appellee testified that the damages for which claim was made, were

about $400.   That there were other items of expense, but he
did not have the details and made no claim for them.   Extra
effort was made by appellee to preserve the property and
make the loss as small as possible.   Cross-examination would
have brought out further details if they were desired.

Upon the question of the liability of the owner, Bernauer,
little need be said.   The plumber was not an independent con-
tractor, nor in possession or control of the property.   He was
simply an employe, a servant, subject to the orders and con-
trol of his employer.

*Per Curiam.*   The judgment in this case is based on the
negligence of appellants by which a certain water tank was
overflowed and damage thereby caused to the stock of hard-
ware of appellee in the building where the tank was situated.

The case was tried by the court without a jury, appellants
found guilty and the damages assessed at $400.   It is one of
the class of cases in which appeal is so often made to this
court to reverse, on the ground that the finding or verdict is
contrary to the evidence.   A reading of the evidence leaves a
conviction on the mind that the theory of appellee is probably
correct, and the finding of the trial court in conformity with
the most reasonable deduction that can be made from the
evidence will not be set aside here.   Ruh, one of the defend-
ants, was a plumber who was employed by the owner of the
building, Fanny Bernauer, to make some changes and repairs
in the plumbing, and his employe's negligence in performing
the work caused the injury to appellee's goods.   Appellants
now insist that Ruh was an independent contractor, for whose
neglect Bernauer was not liable.   The terms of the employ-
ment of Ruh are not given and it must, therefore, be assumed
that no special terms were agreed on.   He was employed
generally to do the required work, and was for that purpose
the agent or servant of his employer.   Possession or control
of the building or plumbing or any part of it was not given to
him.   His employer had the right to control and direct the
entire work, and might have discharged Ruh from the employ-
ment if he refused to obey her instructions.

The character of his employment bears no resemblance to that of an independent contractor. Glickauf et al. v. Maurer, 75 Ill. 289; Cooley on Torts (2d Ed.), 643.

There is nothing in the lease from appellant Bernauer to appellee which exempts her from claims for damages caused by the neglect of herself or employes in making repairs on the plumbing in the building. We think there is evidence which supports the finding as to the measure of damages.

The judgment is affirmed.

*Judgment affirmed.*