(No. 14296.—Reversed and remanded.)

THE AMALGAMATED ROOFING COMPANY, Appellant, *vs.*
THE TRAVELERS INSURANCE COMPANY, Appellee.

*Opinion filed December 22, 1921.*

1. INSURANCE—*when insurance company is bound by award of compensation for death of employee.* An insurance company which has contracted to insure an employer against loss by reason of the liability imposed by the Workmen's Compensation act for damages on account of the injury or accidental death of an employee and has agreed to defend any proceeding against the employer under the act, is bound equally with the employer by an award of compensation for the accidental death of an employee.

2. SAME—*when liability is not limited to employees carried on pay-roll.* The fact that an indemnity policy issued to an employer provides that it shall apply to injuries to persons legally employed whose entire remuneration shall be included in the total remuneration earned during the policy period upon which premium for the policy shall be computed, does not limit the liability to injuries sustained by personal employees carried upon the employer's time-books and pay-rolls.

3. SAME—*when payment of premium in advance is not a condition precedent to the liability for compensation insurance.* The premium to be paid for the insurance of an employer against loss by reason of liability under the Workmen's Compensation act, and which is to be based upon the remuneration paid by the employer to his employees, need not be paid in advance as a condition precedent to the liability of the insurance company, as the remuneration earned by all the employees cannot be ascertained until the. expiration of the. policy year.

4. SAME—*when an insurance company is estopped to deny that injured employee was an employee of the insured.* An insurance company which insures an employer against loss by reason of any liability under the Workmen's Compensation act and agrees to defend any proceeding against the employer under the act is estopped to deny that an employee who was killed while working for a contractor whom the insured had employed was an employee of the insured, where the Industrial Commission has made an award against the insured on a claim for the injury to the deceased as an employee of the insured and the award has not been reviewed.

5. WORKMEN'S COMPENSATION—*what determines whether party is an employee or an independent contractor.* The principal consideration in determining whether a workman is an employee or an in-

dependent contractor is the *right to control* the manner of doing the work rather than the actual interference with the work, and the fact that payment is to be made by the piece or the job or the day or hour is not necessarily material, where the workman is subject to the control of the employer as an employee and not as a contractor.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding.

ROY O. WEST, PERCY B. ECKHART, WILLIAM ROTHMANN, and WILLIAM M. KLEIN, for appellant.

FRANK M. COX, and ALBERT N. POWELL, (ROBERT J. FOLONIE, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the First District having affirmed a judgment of the municipal court of Chicago in favor of the defendant, the Travelers Insurance Company, granted a certificate of importance and appeal to the plaintiff, the Amalgamated Roofing Company.

The appellant is a corporation organized to buy and sell at wholesale and retail roofing materials and other building materials and to construct and erect all kinds of buildings. It had a plant at Clearing, Illinois, consisting of several buildings. In the spring of 1918 it undertook the erection of a new warehouse adjoining the north end of its plant, using the west wall as a part of the new structure. About the middle of May the appellant, through its president, entered into an oral contract with J. N. Colvin to lay the roof of the new warehouse at $1.50 a square and to make some repairs on the old roof, the price of which was not agreed on, the appellant furnishing the material. The work was done under the direction of Colvin, who was told to look for instructions as to the work to the appellant's foreman, Robert McLean. Colvin hired, paid and discharged the

workmen, though one was discharged by him at McLean's request. McLean gave directions about the work, which were followed by Colvin and his workmen. On May 28 Walter M. Frame was employed by Colvin to work on the job, and on June 1, while so employed, received an injury which caused his death the same day.

The appellee, a liability insurance company, had issued to the appellant a policy, whereby it agreed with the appellant, "as respects personal injuries sustained by his employees, including death at any time resulting therefrom, as follows:

*"Indemnity.*—I. (*a*) To pay to the person, and in the manner provided by the Workmen's Compensation law, any sum due or to become due from this employer because of any such injury and the obligation for compensation therefor imposed upon or accepted by this employer under certain statutes cited and described in an indorsement attached to this policy, each of which statutes is herein referred to as the Workmen's Compensation law. It is agreed that all of the provisions of each workmen's compensation law covered hereby shall be and remain a part of this contract as fully and completely as though written herein, so far as they apply to compensation for any personal injury or death covered by this policy while this policy shall remain in force, and all premiums provided by this policy or by any indorsement hereon shall be fully earned, whether any such workmen's compensation law, or any part of any such, is now or shall hereafter be declared invalid or unconstitutional. This obligation for compensation shall include all provisions of the Workmen's Compensation law respecting funeral expenses, medical, surgical, nurse and hospital service, medical or surgical apparatus or appliances, and medicines. Nothing herein contained shall operate to so extend this policy as to include within its terms any workmen's compensation law, scheme or plan not cited and described in an indorsement hereto attached.

"(*b*) To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries.

"*Service.*—II. (1) To serve this employer by the inspection of work places covered by the policy when and as deemed desirable by the company, and thereupon to suggest to this employer such changes or improvements as may operate to reduce the number or severity of injuries during work; and (2) upon notice of such injuries by investigation thereof and by settlement of any resulting claims in accordance with the law.

"*Defense.*—III. To defend in the name and on behalf of this employer any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent.

"*Expenses.*—IV. To pay all costs taxed against this employer in any legal proceeding defended by the company, all interest accruing after entry of judgment, and all expenses incurred by the company for investigation, negotiation or defense.

"*Persons Covered.*—V. This agreement shall apply to such injuries sustained by any person or persons legally employed by this emlpoyer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this policy is to be computed and adjusted, and to such injuries sustained by the president, any vice-president, secretary or treasurer of this employer, if a corporation; but the remuneration of any such officer may be excluded unless he personally supervises the manual or mechanical processes covered hereby."

The policy became effective January 28, 1916, and was to remain in force until canceled by one of the parties in

the manner provided by another section of the policy. By the terms of section (*a*) of the policy, which is set out above, the provisions of the Workmen's Compensation act of 1913, the Workmen's Compensation act of 1915, and any laws amendatory thereof which might become effective while the policy was in force, became a part of the contract, those acts being described in the indorsement attached to the policy mentioned in section (*a*).

On July 11, 1918, Rhoda Frame, the administratrix of the estate of Walter M. Frame, filed with the Industrial Commission a petition for compensation for his death, which she alleged resulted from an accident arising out of and in the course of his employment by the appellant, J. N. Colvin and the J. N. Colvin Roofing Company. A hearing before an arbitrator resulted in a finding that the deceased and the respondents on June 1, 1918, were operating under the provisions of the Workmen's Compensation act, and on that date the deceased sustained an accidental injury which arose out of and in the course of his employment, and an award against the respondents of $10 a week for 400 weeks. On review by the Industrial Commission the award was ordered on December 2, 1918, to stand as the award of the commission. It has not been reviewed in any proceeding for that purpose and the appellant is performing the award. The appellee was notified of the proceeding before the Industrial Commission but denied any liability under its policy. It did, however, through its attorney make defense in the appellant's name before the arbitrator and the commission, but no claim is based on its action in this regard. After the confirmation of the award the appellee finally declined any further connection with the case and disclaimed any liability by reason of its contract, as it had done from the beginning.

In its statement of claim the appellant alleged that Frame, while working for and employed by the appellant under the Workmen's Compensation laws of the State of

Illinois, received accidental injuries which caused his death; that his administratrix brought proceedings for compensation against the appellant before the Industrial Board; that the appellee had due notice of such proceedings and appeared and defended; that an award, as above mentioned, was made on December 2, 1918, and that the appellee on December 19, 1918, refused to longer defend the appellant in said proceeding and other proceedings for the review of the decision and refused to pay the award or any part thereof, and that the appellant has paid all accrued payments on the award. The appellee's affidavit of merits denied that Frame was an employee of the appellant but alleged that he was an employee of J. N. Colvin, an independent contractor, and that the award of the Industrial Commission was made on account of the failure of the appellant to cause Colvin and his employees to carry compensation insurance, and not on the ground that Frame was an employee of the appellant. The cause was heard by the court without a jury.

The appellee's contentions are that the policy did not insure the appellant as to Frame, because he was not, at the time he was injured, in the employ of the appellant but was an employee of Colvin, an independent contractor, while the contract on the part of the appellee to indemnify the appellant was expressly limited to appellant's own employees.

At the time the policy was issued section 31 of the act of 1913 was in force, which provided, in substance, that any person contracting to have done for him any work enumerated as extra-hazardous in paragraph (*b*) of section 3, requiring the employment of employees on the premises where such work was to be done, who did not require the person, firm or corporation undertaking to do such work to insure his, their or its liability to pay the compensation provided for in the act to his, their or its employees, should be included in the term "employer," and with the immediate employer should be jointly and severally liable to pay

the compensation provided for and be subject to all of the provisions of the act. (Laws of 1913, p. 355.) This section was amended in 1917, and the amended section was in force when Frame received his injury. It provided as follows: "Anyone engaging in any business or enterprise referred to in sub-sections 1 and 2 of paragraph (*b*) of section 3 of this act who undertakes to do any work enumerated therein, shall be liable to pay compensation to his own immediate employees in accordance with the provisions of this act, and in addition thereto if he directly or indirectly engages any contractor, whether principal or sub-contractor to do any such work, he shall be liable to pay compensation to the employees of any such contractor or sub-contractor unless such contractor or sub-contractor shall have insured, in any company or association authorized under the laws of this State to insure the liability to pay compensation under this act, or guaranteed his liability to pay such compensation. In the event any such person shall pay compensation under this section he may recover the amount thereof from the contractor or sub-contractor, if any, and in the event the contractor shall pay compensation under this section he may recover the amount thereof from the subcontractor, if any. This section shall not apply in any case where the accident occurs elsewhere than on, in or about the immediate premises on which the principal has contracted that the work shall be done."

This act did not declare that the person, firm or corporation contracting to have the work done shall be included in the term "employer," and it is argued that the contractor's employees did not become the employees of the person, firm or corporation contracting to have the work done, and were therefore not within the terms of the appellee's policy. The appellant, on the other hand, contends that the finding of the Industrial Commission that the deceased, Walter M. Frame, and respondents, were operating on the first day of June, 1918, under the provisions of the Work-

men's Compensation act, and that on the date last above mentioned the deceased sustained accidental injuries which did arise out of and in the course of the employment, was conclusive and binding on the appellee, and that the appellee having refused to further defend the proceeding is estopped to claim that Frame was not an employee of the appellant.

By the policy the appellee not only undertook to pay the compensation provided by the Workmen's Compensation law, but also to defend, in the name and on behalf of the employer, any suits or other proceedings which might at any time be instituted against it on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent. The petition filed with the Industrial Commission alleged that on the first day of June, 1918, Walter M. Frame received an injury by reason of an accident arising out of and in the course of his employment by the above named employers, which injury resulted in the death of said employee. Name of injured employee, Walter M. Frame; name of employer, Amalgamated Roofing Company, J. N. Colvin and J. N. Colvin Roofing Company. This was a proceeding instituted against the appellant on account of injuries alleged to have been sustained by an employee demanding compensation therefor, and the appellee was bound to defend the proceeding though it was wholly groundless, false or fraudulent. The appellee being bound to defend the proceeding for compensation and to indemnify the employer against loss by reason of the liability imposed upon it by law for damages on account of such injury, is concluded equally with the appellant by the award in that proceeding. That award was a liability imposed by law upon the appellant for damages on account of an injury to its employee. The evidence on which that finding and award were made does not appear in this record. The claim as made was for an injury

to the deceased as an employee of the appellant. Paragraph (*f*) of section 19 of the Workmen's Compensation act (Laws of 1917, p. 502,) provides: "The decision of the Industrial Board, acting within its powers, according to the provisions of paragraph (*e*) of this section, and of the arbitrator or committee of arbitration, where no review is had and his or their decision becomes the decision of the Industrial Board in accordance with the provisions of this section, shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided." The decision of the Industrial Commission not having been reviewed under this statute became conclusive upon the appellant as an award of compensation against it as Frame's employer, and a liability was thereby imposed upon it by law for compensation because of his injury. The award is conclusive on the appellant that Frame's administratrix was entitled to compensation because of an accidental injury which arose out of and in the course of the deceased's employment by the appellant. The appellee having contracted to defend that proceeding and to indemnify the appellant against loss by reason of the liability imposed upon it by law for such damages is also bound by the award.

The policy provided that "this agreement shall apply to such injuries sustained by any person or persons legally employed by this employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this policy is to be computed." The agreement was also subject to the condition that "the premium is based upon the entire remuneration earned during any policy period by all employees of this employer engaged in the business operations described in said declarations and not herein elsewhere specifically excluded, the amount of such remuneration to be exhibited by the employer to the company as provided in condition (*c*) hereof, and the earned premium adjusted in accordance therewith at the rates here-

inafter specified." The appellee argues that from these and other provisions of the contract it appears that the parties intended to contract with reference to such injuries as might be sustained during any policy period by the appellant's own personal employees hired and paid by the appellant and carried by it on its time-books and pay-roll. The appellee was authorized to examine the books of the appellant at any time so far as they relate to the remuneration earned by any employees of the appellant while the policy was in force.

It is argued that the persons covered by the contract are limited by the remuneration paid by the appellant to its employees as shown by the appellant's audited pay-roll, time-books, etc., furnished by the appellant to the appellee for the purpose of determining the premium payable on the contract. The liability of the appellee on the policy is not limited, because the total premium which it was entitled to collect could not be ascertained under the policy until after the end of the policy year. The appellee was liable under the policy for an injury to an employee of the appellant, and the appellant was liable for premium upon the entire remuneration earned by all its employees, regardless of what the time-books and pay-rolls of the appellant might show; but the amount of the premium could not be ascertained until the expiration of the policy year, because it is impossible to know what will be the entire remuneration earned during any part of the period by all the employees of the employer until the expiration of the policy period. The payment of the premium in advance was not contemplated and is not a condition precedent to liability for the compensation.

The appellant has argued that Frame was an employee of the appellant at common law, but that is a question of fact which was determined adversely to the appellant by the municipal court and the Appellate Court and is not open for consideration here.

Whether Colvin was an independent contractor or an employee of the appellant was a question of fact upon which

the evidence was disputed. The principal consideration in determining whether a workman is an employee or an independent contractor is the right to control the manner of doing the work. It is not the actual exercise of the right by interfering with the work, but the right to control which constitutes the test. "An independent contractor is one who undertakes to produce a given result without being in any way controlled as to the method by which he attains that result." (Jaggard on Torts, sec. 73.) The fact that payment is to be made by the piece or the job or the day or hour does not necessarily control, where the workman is subject to the control of the employer as an employee and not as a contractor. (*Decatur Railway and Light Co.* v. *Industrial Board,* 276 Ill. 472; *Bristol & Gale Co.* v. *Industrial Com.* 292 id. 16; *Franklin Coal Co.* v. *Industrial Com.* 296 id. 329.) This question, however, is not the controlling question in this case. It was in the proceeding before the Industrial Commission. The municipal court did not have before it the evidence which was heard by the arbitrator or the Industrial Commission. Even if it had had the right in this collateral proceeding to review the decision of the commission it had not the evidence upon which the commission acted. It was not a question to be determined by the municipal court whether Frame was an employee of the appellant or not. The question before that court was whether there was a liability imposed upon the appellant by law for damages on account of an injury to its employee. The law provided a tribunal for the determination of that question. The appellee agreed to defend for the appellant any proceedings which might be brought against the appellant on account of such injuries, even though wholly groundless, false or fraudulent, and to indemnify the appellant against loss by reason of the liability imposed upon it by law.

The appellant submitted to the trial court various propositions of law and fact to be held by the court. Among others was the following proposition of law:

300—32

"The court holds that by the finding and decision of the Industrial Board of Illinois that Walter M. Frame was an employee of the plaintiff, and by the failure and refusal of the defendant to review the same, the defendant is estopped to deny that the said Walter M. Frame was at the time he received the injuries which caused his death, an employee of the plaintiff and that the finding of said Industrial Commission is final, conclusive and binding upon the defendant in this action."

The court refused this proposition, and it was error to do so.

The judgments of the Appellate Court and the municipal court will be reversed and the cause will be remanded to the municipal court.        *Reversed and remanded.*