146 So. 276

## MARTIN v. REPUBLIC STEEL CO.

### 6 Div. 173.

Supreme Court of Alabama.

Jan. 12, 1933.

Rehearing Denied March 2, 1933.

Benners, Burr, McKamy & Forman, of Birmingham, for appellee.

Wm. C. Smithson and McEniry & McEniry, all of Bessemer, for appellant.

KNIGHT, Justice.

Petitioner, Charley Martin, filed his complaint in the court below, under the Workmen's Compensation Act (Code 1923, § 7534 et seq.), against the Republic Steel Company, for recovery of compensation for loss of an eye, which petitioner alleges he sustained as the proximate result of an accident arising out of and in the course of his employment by the defendant.

The defendant, in defense of the suit, filed an answer denying (a) that the petitioner was an employee of the defendant at the time he received the injury, and (b) that proper notice of the accident and injury had been given by the plaintiff. The defendant's chief contention was that the petitioner was not, in fact, an employee of the defendant, but an original contractor at the time of receiving his injury.

On the trial of the cause, several witnesses were examined by each side.

The court, as required by the statutes, filed in the cause its findings of facts and conclusions thereon, and thereupon entered judgment in favor of the defendant.

The court found and determined the facts, with reference to petitioner's employment, to be: "That from time to time prior to the claimed injury, as occasion demanded, defendant engaged plaintiff to perform certain work. On some occasions this work would be the cutting of cross ties, and others the laying of rails, and others the furnishing of poles, and at others the digging of test holes or test pits, in furtherance of prospecting operations. It was shown to the reasonable satisfaction of the court that in each of the classes of work engaged in from time to time by the plaintiff, the particular work required of him would be outlined, whereupon plaintiff would hire his own labor to aid him; he hired and fired his labor as he chose; worked at what hours he chose; and was paid for each type of work upon a specific basis, and plaintiff would pay his own labor; furnish his own tools and appliances and was looked to by defendant for results. No officer or employee of the defendant exercised any superintendence over the manner in which plaintiff performed his work."

At the time of receiving his alleged injury, plaintiff, with his laborers hired and paid by him, was engaged in digging test pits for defendant, and with reference to this work the court found: "In performing the work of digging test pits, plaintiff, besides employing and paying his own help, also furnished his own tools and appliances." As to this work no officer or employee of defendant exercised any superintendence over plaintiff or plaintiff's employees as to the manner in which the pits were to be dug, nor when they were to be dug, or between what hours plaintiff and his employees should perform their work. The plaintiff was told where the pits were to be dug and left to his own resources as to the manner of performing the work. From time to time an employee of defendant would come by the digging and inspect the dirt and ore taken from the pit, but this employee exercised no superintendence over plaintiff or plaintiff's employees. Indeed plaintiff in his testimony referred from time to time to his work being "contract work."

The court from the evidence concluded that the plaintiff was not an employee of defendant, but was an independent contractor, and as such was not entitled to compensation. Having reached this conclusion the court declined to pass on the other questions presented.

The plaintiff, conceiving that the findings of the court did not fully and fairly state all the evidence offered upon the trial, has brought before the court, by bill of exceptions, all the evidence adduced before the trial court.

This court in the case of Woodward Iron Co. v. Vines, 217 Ala. 369, 116 So. 514, has held that a bill of exceptions may be resorted to (1) when the insistence is that there was no evidence offered and admitted by the trial court that supports the judge's findings, statement of facts, and conclusions as determined by him, and (2) when the facts recited in said statement or conclusions, as determined by the trial court, are too meager or omissive to fully inform (this court) in respect of the entire circumstances having relation to the point contested. Crescent Coal Co. v. Simmons, 217 Ala. 367, 116 So. 512; Ex parte Sloss-Sheffield S. & I. Co., 207 Ala. 219, 92 So. 458; Ex parte Woodward Iron Co., 211 Ala. 74, 99 So. 97.

In view of the very earnest insistence of counsel for petitioner that the findings of the trial judge did not cover substantially the evidence in the case, and that it was so omissive as to deprive the petitioner of a just and fair determination here of the cause, we have deemed it our duty to read carefully all the evidence set out in the bill of exceptions in connection with the court's findings of fact. As a result, we are in accord with petitioner that an important feature of the evidence, which was wholly undisputed, was overlooked by the trial court, and his findings are omissive in this, that while it finds that no officer did superintend the petitioner, it fails to find that the employer did not reserve the right to superintend his work. The defendant offered in evidence a written contract between it and the petitioner, and this over the objection of the latter. The last

clause of this contract contains this provision: "This agreement may be terminated at any time the first party's engineer or superintendent finds the contemplated work has been completed or when it appears to said engineer or superintendent that said second party or any of his employees or associates has been guilty of violating any of the rules of first party or guilty of carelessness or incapacity."

It will be noticed also from a reading of the contract that the defendant undertook to protect itself from claims that might be made by said plaintiff or by any person working with him for or on account of injuries that might be sustained in digging the said test pits. To this feature of the contract we shall hereafter briefly allude.

Our conclusion is that the findings of the trial judge are omissive, and fail to include a material part of the evidence and that petitioner's contention and insistence in that regard must be sustained.

There is no doubt of the proposition that at common law the term "independent contractor" signifies one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer, except as to the result of the work, and who has the right to employ and direct the action of the workmen, independently of such employer and free from any superior authority in him to say how the specified work shall be done or what the laborers shall do as the work progresses; one who undertakes to produce a given result without being in any way controlled as to the method by which he attains that result. Corpus Juris, vol. 31, page 473; Alexander v. R. A. Sherman's Sons Co., 86 Conn. 292, 85 A. 514; Chicago, etc., R. Co. v. Bennett, 36 Okl. 358, 128 P. 705, 20 A. L. R. 678; Powell v. Virginia Const. Co., 88 Tenn. 692, 13 S. W. 691, 17 Am. St. Rep. 925; Humpton v. Unterkircher, 97 Iowa, 509, 66 N. W. 776; Pottorff v. Fid. Coal Min. Co., 86 Kan. 774, 122 P. 120; Waters v. Pioneer Fuel Co., 52 Minn. 474, 55 N. W. 52, 38 Am. St. Rep. 564; Zoltowski v. Ternes Coal & Lumber Co., 214 Mich. 231, 183 N. W. 11; Embler v. Gloucester Lbr. Co., 167 N. C. 457, 83 S. E. 740; In re Yoder (D. C.) 127 F. 894; Amalgamated Roofing Co. v. Travelers' Ins. Co., 300 Ill. 487, 133 N. E. 259, 262; Franklin Coal & Coke Co. v. Industrial Comm., 296 Ill. 329, 129 N. E. 811.

Substantially, to the same effect were the holdings of this court, until the adoption of our Workmen's Compensation Act, whereby the terms "employer" and "employee" were given statutory definitions. In obedience to the provisions of this act, this court has applied the definitions given by the statute in determining whether the relation of employer and employee, or of an independent contractor was created by the contract between the parties. Sloss-Sheffield S. & I. Co. v. Crim, 219 Ala. 148, 121 So. 408; Reed v. Ridout's Ambulance, Inc., 212 Ala. 428, 102 So. 906; Stith Coal Co. v. Alvis, 224 Ala. 603, 141 So. 663.

Section 7596 defines the term "employer" to mean "every person not excluded by section 7543 who employs another to perform a service for hire and to whom the 'employer' directly pays wages, and shall include any person or corporation, copartnership, or association, or group thereof, and shall, if the employer is insured, include his insurer as far as applicable, and shall not include one who employs a number less than sixteen in any one business." And by the same section the terms "employee" and "workman" shall be construed to mean the same and are used interchangeably.

In Stith Coal Co. Case, supra, this court, speaking through Mr. Chief Justice Anderson, as to what did or did not constitute an employee under the Employer's Liability Act, observed: "It seems that under the present act the relationship exists when one employs another other to perform a service for hire and to whom the employer directly pays wages or compensation. Ex parte W. T. Smith Lbr. Co., 206 Ala. 485, 90 So. 807; Reed v. Ridout's Ambulance, Inc., 212 Ala. 428, 102 So. 906." The facts in the Stith Coal Co. Case, supra, are very similar, on main features, to the case now under consideration, and this court sustained an award of compensation.

If, however, the right to supervise, direct, and control the employee is, under our statute, determinative, in any way, of whether the contract creates the relation of employer and employee, the contract in this case cannot but impress the judicial mind that the reserved right of the defendant to terminate the contract, and thereby, the right to discharge the employee, when, and in the event "it appears to said engineer or superintendent that said second party or any of his employees or associates has been guilty of violating any of the rules of first party or guilty of carelessness or incapacity," is of considerable weight as tending to show that the employee is not an independent contractor. Bristol & G. Co. v. Industrial Commission et al., 292 Ill. 16, 126 N. E. 599; Messmer Case, note, 19 Ann. Cas. page 18; Bernauer v. Hartman Steel Co., 33 Ill. App. 491; Adams Express Co. v. Schofield, 111 Ky. 832, 64 S. W. 903; Shea v. Reems, 36 La. Ann. 966; Keyes v. Second Baptist Church, 99 Me. 308, 59 A. 446; Brackett v. Lubke, 4 Allen (Mass.) 138, 81 Am. Dec. 694; Morgan v. Bowman, 22 Mo. 538; Burke v. City, etc., Contract Co., 133 App. Div. 113, 117 N. Y. S. 400; Dickson v. Hollister, 123 Pa. 421, 16 A. 484, 10 Am. St. Rep. 533; Johnston v. Hostie, 30 U. C. Q. B. 232.

It cannot be said that the right to terminate a contract, if it appears to the engineer or superintendent of the owner that the person performing the service has violated the rules of the employer, or has been "guilty of carelessness or incapacity," does not arm the owner (employer) with a most potent weapon to enforce the due and proper execution of the work according to the contract between the parties. This reserved right to terminate the contract in the events enumerated, to our mind, negatives the idea that the petitioner was an independent contractor. The true criterion is not whether the owner did in fact exercise supervision, but rather did he have the right to do so; did he possess the power to control? Honnold on Workmen's Compensation, vol. 1, page 167; State ex rel. Va. & R. Lake Co., v. District Court, 128 Minn. 43, 150 N. W. 211.

We are at the conclusion that under the facts in this case, with due consideration to our statutory definitions of "employer" and "employee," that the trial court erred in holding that the petitioner was an independent contractor, and not therefore entitled to compensation, provided, of course, he received his alleged injury as a result of an accident arising out of, and in the course of his employment, and that the employer was given due and proper notice of the injury and that compensation would be claimed therefor.

We are impressed with the idea that the work petitioner was performing for defendant, was what is commonly known as "piece work." But, as observed by Mr. Honnold, in his Treatise on Workmen's Compensation, vol. 1, page 213: "It does not make one an independent contractor that he is to be paid for his service on a commission basis, by piece work, or by any particular mode of payment." And it is so provided by our statute, section 7585.

The plaintiff's evidence shows that he was to be paid by defendant at the following rates, and that the payment was to be made directly to him:

"1. The party of the second part agrees to dig the said test pits at such points and to such depths as may be designated by the engineer or superintendent of the party of the first part."

"5. For digging said test pits the party of the first part agrees to pay the party of the second part the following compensation:

"When digging in dirt from the beginning to a depth of seven (7) feet, twenty-five (25¢) cents for each foot in depth;

"When digging in dirt at a depth of more than seven (7) feet, forty-five (45¢) cents for each additional foot in depth;

"When digging in ore or rock from the beginning to a depth of seven (7) feet, forty (40¢) cents for each foot in depth;

"When digging in ore or rock at a depth of more than seven (7) feet, sixty (60¢) cents for each additional foot in depth.

"Payments to be made twice each month and based on measurements made by the engineer of the party of the first part."

We are of the opinion that the provision in the contract to the effect that the plaintiff should hold the defendant harmless by reason of claims for injuries sustained by any person while digging the test holes cannot shield the defendant from liability in this cause. Section 7585, Code; Ross & Co. v. Collins, 224 Ala. 453, 140 So. 764. It follows, from what we have above indicated, that the writ of certiorari prayed for will be granted and that the judgment of the circuit court, denying compensation to the petitioner, will be reversed, and the cause remanded to the court below with directions to proceed in accordance with the opinion now and here rendered.

Writ awarded; judgment of the circuit court reversed and cause remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.