309 So.2d 97

### DAVIS–DAY TIMBER COMPANY, INC.

v.

### Lavon McCullough GENTRY.

### Civ. 446.

Court of Civil Appeals of Alabama.

Feb. 26, 1975.

Traylor & Baker, Fort Payne, for appellee.

THAGARD, Supernumerary Circuit Judge.

From a judgment in a workmen's compensation case rendered in favor of the plaintiff against defendant, Davis-Day Timber Company, Inc., in the Circuit Court of Cherokee County, for the accidental death of her husband, Charles McCullough, defendant, Davis-Day Timber Company, Inc., brings this appeal by way of certiorari.

After a hearing without a jury, the court entered a finding of facts and conclusions of law, as required by statute to do; the pertinent parts of which are quoted, as follows:

"The court finds that the plaintiff, Lavon McCullough Gentry, was the dependent widow of Charles McCullough, deceased, who also left two dependent

Keener & Keener, Centre and Lusk, Swann, Burns & Stivender, Gadsden, for appellant-petitioner.

children. That the plaintiff, Lavon McCullough Gentry, has remarried and that the recovery in this case will be paid to her for the benefit of the children as provided by law. On April 9, 1971, the deceased, Charles McCullough, was an employee of the defendant, Davis-Day Timber Co., Inc., a corporation. The amount of his earnings is not in dispute and it is stipulated and agreed that the amount of his earnings would be more than enough to qualify the plaintiff for the maximum death benefit in the event she should be allowed to recover.

"Prior to the death of Charles McCullough the defendant, Davis-Day Timber Co., Inc., a corporation, had entered into a written contract with Georgia Kraft Co. for the cutting of certain tracts of timber. According to that contract Davis-Day Timber Co., Inc. was responsible for employees cutting this tract of land and Davis-Day Timber Co., Inc. was obligated by the terms of the contract to provide certain insurance, with one particular provision providing that Davis-Day Timber Co., Inc. keep Workmen's Compensation Insurance on the employees cutting this tract of timber.

"In order to fulfill this contract Mr. H. M. Day contacted Mr. E. C. McCullough with reference to cutting the tract of timber and delivering the timber to Georgia Kraft. Mr. E. C. McCullough, rode out and looked at the tract of timber and traded for the cutting. The defendant, Davis-Day Timber Co., Inc., authorized Mr. E. C. McCullough to get other persons to help cut this tract of timber. There was no written argeement between the defendant, Davis-Day Timber Co., Inc., and either E. C. McCullough or Charles McCullough or any other persons concerning the cutting of this tract of timber. E. C. McCullough and the deceased, Charles McCullough, were treated exactly the same, paid the same "per-unit" price, followed exactly the same procedures in re-

ceiving truck tickets and their pay and as far as can be determined were treated exactly identical for all purposes after the initial contact by which Mr. E. C. McCullough and Mr. Charles McCullough were employed.

"The deceased, Charles McCullough, provided his own equipment, hired his own helpers, by some manner cut, loaded and hauled the logs to Georgia Kraft where he received a receipt. This receipt was delivered to Davis-Day Timber Co., Inc. and a copy was mailed by Georgia Kraft to Davis-Day Timber Co., Inc. and through this method payment was made directly by Davis-Day Timber Co., Inc. to the deceased, Charles McCullough. The deceased, Charles McCullough, had a separate tract of land set aside and pointed out to him by Mr. H. M. Day or Mr. Byron Davis or some other employee of Davis-Day Timber Co., Inc.

"There was no daily individual supervision of the deceased about his work by Davis-Day Timber Co., Inc.. Davis-Day Timber Co., Inc., either through Mr. Day, Mr. Byron Davis or some other employee, showed the deceased the area to be cut. Davis-Day Timber Co., Inc. gave certain general specifications as to the height of stump and nearness to tops of trees to be cut and had a general requirement that the area be cleaned up after the wood was cut. The defendant, Davis-Day Timber Co., Inc. provided a field representative to inspect the area and the area was also inspected by a representative of Georgia Kraft. Mr. Byron Davis of Davis-Day Timber Co., Inc. testified that he went personally to the area where the deceased was cutting timber on several occasions.

"There were no specific hours or days of work with the only requirement being that the wood he cut within one year according to the Georgia Kraft contract. The testimony is undisputed that Davis-Day Timber Co., Inc. had the right to fire the deceased if he did nct cut the

wood to the specifications or did not sufficiently clean the area where he had already cut. An amount of money was withheld of the deceased to insure the proper clean-up.

"The defendant, Davis-Day Timber Co., Inc. had some type accidental death insurance which covered the deceased and other persons who worked on this tract of land and the widow of the deceased, did in fact, receive some type of accidental death benefits as a result of this policy taken out by Davis-Day Timber Co., Inc.

"The defendant, Davis-Day Timber Co., Inc., took out a workmen's compensation insurance policy which, in the coverage clause covered "logging and logging operations" if any. Although that coverage sheet does not show a specific amount of premium paid at the time of taking out the policy, the policy provides for payroll audit to correct any error in amount of premium collected.

"The court finds that the defendant, Davis-Day Timber Co., Inc., a corporation, had the right to control, supervise and hire and fire the deceased, Charles McCullough the said defendant showed the deceased where to work, had the right to and did, in fact inspect the area, set out specifications and requirements for the cutting and cleaning up and at all times retained the right to hire and fire the deceased in the event the job was not being properly done. Therefore the court finds that the deceased, Charles McCullough, was an employee of Davis-Day Timber Co., Inc., a corporation, within the meaning of the Workmen's Compensation Laws of the State of Alabama and that the plaintiff is entitled to recover the maximum death benefits against said defendant. The court further finds that the plaintiff is entitled to recover the maximum funeral benefits payable by law which was in force at the time of the death of Charles McCullough.

"The court further finds that due notice of the accident and injuries was received by the defendant, Davis-Day Timber Co., Inc.

"The court finds specifically that on April 9, 1971, while the deceased, Charles McCullough, was an employee of the defendant, Davis-Day Timber Co., Inc., a corporation, and while he was acting within the line and scope of his employment as such employee the said Charles McCullough suffered an accident in that a tree which he was trying to load on a truck with a front-end loader rolled over the top of the loader striking him and causing injuries from which he died.

"Therefore the court finds that all the requirements of the Workmen's Compensation Law of Alabama are met and that plaintiff is entitled to recover workmen's compensation benefits.

"JUDGMENT

"It appearing that the defendant Davis-Day Timber Co., Inc., a corporation, is subject to the Workmen's Compensation Laws of Alabama, that Charles McCullough was an employee of said company and was at the time of his injury and death in the course of his employment and the injury and death arose out of said employment, and no sufficient defenses having been shown as to why the plaintiff is not entitled to compensation."

Following the foregoing is a judgment in favor of plaintiff against defendant for $50 per week for 400 weeks and $400 for funeral expenses.

As may be gleaned from the foregoing quotations from the judgment of the trial court, the only area of dispute and therefore the only issue litigated was whether at the time of his death the decedent was working as an independent contractor or as an employee of petitioner. If he was, in fact, working as an independent contractor

and not as an employee of petitioner, the judgment should be reversed; otherwise sustained.

On certiorari to review judgments in workmen's compensation cases, the court will not look to weight of evidence as to any fact found by the trial court, but simply to see if there is any evidence to support facts found by trial court regardless of whether an award of compensation has been denied or granted. Where testimony is conflicting but there is testimony supporting finding of trial court in workmen's compensation proceedings, such finding is conclusive. Boatright v. Dothan Aviation Corp., 278 Ala. 142, 176 So.2d 500.

The rules by which we are to decide this case are as set out in *Boatright, supra*, and in almost countless other decisions of the Alabama Supreme Court.

Appellee has cited and discussed three Alabama cases in support of her contention that the trial court did not as a matter of law fall into error in concluding that the decedent, Charles McCullough, was an employee of petitioner, acting within the line and scope of his employment, at the time of the fatal accident, and therefore his widow was entitled to recover death benefits for his minor children.

We shall first discuss the first of these cases, that of Tuscaloosa Veneer Co. v. Martin, 233 Ala. 567, 172 So. 608, which is almost on all fours in its facts with our case.

In the *Tuscaloosa Veneer* case, *supra*, the plaintiff or petitioner in the court below was severely injured but not killed. He applied to appellant for work and at a later time was either given a job or a contract to cut timber for appellant. He was told whose timber was to be cut and was shown by one of Tuscaloosa Veneer's partners the timber to be cut and the boundary lines of the same. Martin informed Tuscaloosa Veneer that he had all the necessary tools except a saw, whereupon the Tuscaloosa Veneer partner agreed to buy him a saw and deduct from his earnings for reimbursement, which was done. Tuscaloosa Veneer agreed to pay Martin seventy-five cents per thousand feet for the timber he cut. Appellant contended on appeal that the contract of employment did not provide for supervision and control, to which the supreme court said:

"Nor does the failure of the contract to provide for supervision and control of the employee, alone, determine the question of whether the relation established between the parties is that of employer and employee, or of an independent contractor.

"This court is fully committed to the proposition that it is the reserved right of control rather than its actual exercise that furnishes the true test of whether the relation between the parties is that of an independent contractor, or of employer and employee—master and servant. . . ." (233 Ala. at 570, 172 So. at 611)

The court, in *Tuscaloosa Veneer, supra*, then went on to say:

"Likewise this court, following a similar holding of the Minnesota Supreme Court, . . . is firmly committed to the proposition that if there is no evidence that defendant reserved no control, except an inference from the circumstances, the question was one for the jury. Ex parte W. T. Smith Lumber Co., supra [206 Ala. 485, 90 So. 807]; W. P. Brown & Sons Lumber Co. v. Crossley, supra [230 Ala. 403, 161 So. 536." (233 Ala. at 570, 571, 172 So. at 611)

The court affirmed the judgment of the trial court, finding the existence of the relationship of employer and employee and awarding compensation.

Appellee also cites and discusses Martin v. Republic Steel Co., 226 Ala. 209, 146 So. 276, in which the plaintiff was hired to dig test pits, cut crossties, lay rails, furnish

poles and do other things with regard to the general operation. Plaintiff hired and fired his own labor to assist him, worked when he chose, was paid for each type of work on a specific basis, furnished his own tools and appliances, and was paid on a unit basis. No officer or employee of defendant exercised any actual superintendence over the manner in which the plaintiff performed his work. The trial court refused compensation and held that the plaintiff was not an employee. The supreme court reversed the lower court and held that because there was a written contract wherein the defendant might terminate the contract at any time that the defendant's superintendent found that the plaintiff or his employees had been guilty of violating any of the rules of the defendant. The court said:

> "This reserved right to terminate the contract in the events enumerated, to our mind, negatives the idea that the petitioner was an independent contractor. The true criterion is not whether the owner did in fact exercise supervision, but rather did he have the right to do so; did he possess the power to control? . . ." (226 Ala. at 212, 146 So. at 279)

Appellee also cited the case of Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807 (1921), as a case in point. While it upheld the finding of the lower court that the decedent was an employee and not an independent contractor and espoused the same principles as those discussed in the other two cases, we do not think it necessary to discuss it at length. The principles enunciated in *Tuscaloosa Veneer, supra,* and *Martin, supra,* are too clear and too apropos to this case to need further support.

We have carefully read the transcript of the evidence and have found ample evidence to support the finding of the trial court that the defendant, Davis-Day Timber Co., Inc., a corporation, reserved the right to control, supervise and hire and fire the deceased, to inspect the area, set out specifications and requirements for the cutting and cleaning up and at all times retained the right to hire and fire the deceased in the event the job was not being properly done, wherefore the decedent was an employee of the defendant, acting within the line and scope of his employment at the time of the fatal accident.

We failed to mention at the outset that at the beginning of and during the hearing, on motion of the plaintiff, E. C. McCullough and Hartford Accident and Indemnity Co., a corporation, were dismissed as party defendants.

All assignments of error having been considered, the case is due to be affirmed.

The foregoing opinion was prepared on February 1, 1975, by Honorable T. Werth Thagard, Supernumerary Judge, serving as a judge of this court under Section 24 of Act No. 987, Acts of Alabama 1969, p. 1744. His opinion is hereby adopted as that of the court.

Affirmed.

All the Judges concur.