This is a workmen's compensation case
Gary Huff located growing timber for sale as a part-time occupation. After locating timber he would contract to sell it to users. As part of his work, he would also mark the timber to be cut
Huff contracted with John Van Harris to cut and haul the wood to the users. Harris owned and operated his own truck and had the sole right to hire and fire any worker. Harris also had complete discretion as to whether he would cut a particular tract. Huff paid Harris according to the amount of wood produced
The evidence shows that Harris had no regular full-time employees. Harris's employees usually worked only part time and never for a long period of time. He also rarely had more than two employees working on a regular basis
Henry Dennis was hired by Harris to aid in cutting wood and loading the truck. Dennis was injured on December 12, 1978 hauling a load of wood on the truck. The testimony reflects that while driving the truck Dennis noticed that one of the tires was smoking. He stopped the truck and got out to examine the tire. He said that he began shoveling dirt on the tire to cool it off. He bent over to look at the tire and it blew up in his face. As a result, he is blinded in the right eye and has impaired vision in the left eye
Dennis filed suit in the Circuit Court of Escambia County to recover workmen's compensation for these injuries from both Gary Huff and John Van Harris. A trial was held and the judgment was in favor of the defendants. Dennis's new trial motion was overruled and he has appealed to this court
The only issue before us on this appeal is whether Huff was an employer of Dennis. Huff contends that Harris was an independent contractor and thus Huff would not be an employer of Dennis. We agree with this contention and affirm the judgment
It has been stated numerous times that on appeal this court will not weigh the evidence, but will simply see if there is any evidence to support the trial court's findings in a workmen's compensation proceeding. Davis-Day Timber Co. vGentry, 54 Ala. App. 385, 309 So.2d 97 (1975); see alsoBoatright v. Dothan Aviation Corp., 278 Ala. 142, 176 So.2d 500
(1965)
The issue of whether a person is an independent contractor or employee has been addressed by our courts numerous times. InTuscaloosa Veneer Co. v. Martin, 233 Ala. 567, 172 So. 608
(1937), it was stated that the right of control rather than the exercise of control was the test of whether the relationship of the parties is that of employer-employee or independent contractor
In examining the cases on this issue it seems that our courts have held one to be an employer when he has reserved some power of control over the one he claims to be an independent contractor. See Tuscaloosa Veneer Co., supra. In TuscaloosaVeneer an employer-employee relationship was found because the appellant had bought the employee equipment and had provided transportation
We find the case of Majors v. Jackson Lumber Co., 244 Ala. 418, 13 So.2d 885 (1943) to be dispositive of the case at bar In that case our supreme court upheld the trial court's finding that an independent contractor relationship existed. The facts of that case are closely akin to the facts of the present case in that the independent contractor had the sole right to hire and fire employees and supplied his own equipment, transportation, etc. Also in Majors the independent contractor was shown the tracts of timber to be cut *Page 414 
In the present case we find that the trial court did not err in determining that an independent contractor relationship existed. Harris had the sole right to hire and fire his employees. He also supplied all his own equipment and transportation. Huff only showed Harris the tracts to be cut and paid Harris according to the amount of timber delivered
Under these circumstances, we cannot find that the evidence was insufficient to support the trial court's findings. As a result we hold that the trial court did not err in determining that Harris was an independent contractor; its judgment is therefore affirmed
AFFIRMED
WRIGHT, P.J., and HOLMES, J., concur