WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
Sam Brown worked for Pullman-Standard on July 2, 1980, when he suffered an alleged injury to his right ankle while on the job. Brown claims that he struck his ankle on a piece of steel or iron, causing him severe pain and resulting in a permanent partial disability to the ankle.
The evidence developed that in October 1978, Brown suffered a fracture to his right foot while on the job, and he subsequently received compensation therefor. In April 1979 he suffered a fracture to his right ankle; this injury did not arise out of or in the course of his employment. The fracture was reduced by Dr. Dewey Jones, an orthopedic surgeon, who placed a pin and screw in the joint to hold the bones together. Brown was absent from work from April 6, 1979, until June 17, 1980, while recovering from this injury. In May 1980, Brown apparently suffered another injury to his right ankle, which again did not arise out of or in the course of his employment.
Following the alleged injury to the right ankle on July 2, 1980, Brown was referred by Pullman to the plant physician, Dr. James S. Callahan. Dr. Callahan saw Brown on several occasions and then referred him to Dr. David G. Vesely, an orthopedic surgeon. Dr. Vesely examined Brown several times, and compared x-rays made by his office with x-rays from Dr. Dewey Jones of the previous fracture. Dr. Vesely concluded that there had been no refracture of the ankle. Tomograms were also made of Brown’s ankle which likewise indicated no new fracture. In Dr. Vesely’s opinion, if Brown had suffered any injury, it had been a sprain or strain of the ankle, and he had suffered no resulting increase in permanent impairment to the ankle. Dr. Vesely released Brown to return to work on September 24, 1980, and Dr. Callahan released him on September 29,1980. There was no work available at the plant at that time, however, as it was being shut down. Brown received temporary total disability compensation from Pullman at the prevailing weekly rate from July 2 until September 29,1980, for a total sum of $1,881.76.
In October 1980 Brown went to Dr. Jones complaining of pain in the right ankle. Brown continued to see Jones until September of 1981. Jones concluded that an injury had occurred on July 2,1980, and that that injury was an aggravation of the previous fracture. Dr. Jones’ final evaluation of Brown found twenty-three percent impairment to the lower extremity, although Dr. Jones also testified that he had evaluated Brown in August 1979, (before the alleged on-the-job injury) and found a twenty-six percent impairment.
Brown instituted this suit September 14, 1981, claiming workmen’s compensation benefits for the July 2, 1980, injury to his foot. Following a trial of the case on February 17, 1982, the court rendered its judgment, findings of fact and conclusions of law. The court found that Brown had not suffered an injury on July 2, 1980, which had proximately resulted in any permanent partial disability to him or in any increase in permanent partial disability to him. Judgment was rendered for Pullman.
On March 11,1982, Brown filed a motion to set aside the judgment, a motion for judgment notwithstanding the verdict, and a motion for a new trial, which were denied on April 19, 1982. This appeal followed.
The sole issue on this appeal is whether the court erred in rendering judgment for Pullman. It is well-settled law in workmen’s compensation cases that in reviewing the trial court’s findings of fact, this court is concerned only with whether there is any legal evidence to support the court’s findings. City of Montgomery v. Johnson, 403 So.2d 244 (Ala.Civ.App.1981); Young v. City of Huntsville, 342 So.2d 918 (Ala.Civ.App.1976), cert. denied, 342 So.2d 924 (Ala.1977). If so, this court must affirm the trial court’s judgment. Harbin v. United States Steel Corp., 356 So.2d 179 (Ala.Civ.App.1978). In this case, there is ample evidence in the record to support the trial court’s finding. There is some conflict in the medical testimony, both as to whether there was an injury and whether there *252 was any permanent partial disability. However, where the testimony is conflicting, the trial court’s findings are conclusive. Young v. City of Huntsville, supra; Davis-Day Timber Co. v. Gentry, 309 So.2d 97, 54 Ala.App. 385 (1975). The decision of the trial court is therefore affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.