This is a workmen's compensation case. *Page 877 
The plaintiff sued the defendant for workmen's compensation benefits. The trial court after an ore tenus hearing entered a judgment for the defendant. The trial court found the plaintiff to be an independent contractor and therefore not entitled to workmen's compensation benefits.
The plaintiff, through able counsel, appeals and we affirm.
The dispositive issue on appeal is whether there is any evidence to support the trial court's conclusion that the plaintiff was an independent contractor.
At the outset, we again state that on appeal of a workmen's compensation case this court will not weigh the evidence but will simply see if there is any evidence to support the trial court's finding. Haggard v. Uniroyal, Inc., 423 So.2d 865 (Ala.Civ.App. 1982).
The evidence, when viewed in the above light, reveals the following: The plaintiff was one of approximately eighty pulpwood cutters who had sold wood to the defendant-company in the past six months. Like other cutters, the plaintiff had no written contract with the defendant, no set work days or hours, and was not required to report to defendant's yard at any given time.
Some of the cutters who sold wood to the defendant made their own arrangements with landowners to cut wood from their lands, while others cut wood from lands upon which the defendant had secured timber rights. If cutting was done on the lands upon which the defendant held timber rights, the company gave the cutter specific instructions as to which trees were to be cut in keeping with the timber rights granted the defendant. On occasion the defendant would drop by after the cutter had begun his cutting to make sure the directions were being followed. If the defendant showed a cutter a particular tract of timber that needed to be cut, the cutter could choose not to cut that tract. If a cutter cut timber from land not under the control of the defendant, he would be free to sell it to another pulpwood company.
The defendant paid cutters by check for each load of wood as it was delivered. No withholding taxes, social security, or other deductions were made from these checks. The defendant had no full-time employees and no "payroll" as such. It did not maintain a workmen's compensation insurance policy, but only an accident insurance policy similar to those maintained by other area wood dealers.
The cutters who sold to the defendant furnished their own trucks and saws and were responsible for paying their own gasoline and maintenance costs, and for hiring and paying their own helpers. The defendant did not provide or pay for any of the cutters' equipment, and it could not hire or fire any of the cutters' helpers. The defendant only bought from cutters who had cut their wood in lengths and breadth which conformed to certain specifications posted at defendant's place of business. These specifications had been supplied to the defendant by its buyers, Georgia Pacific and Kimberly-Clark.
On the day the plaintiff suffered his injury, he was cutting wood from land upon which the defendant held timber rights. The plaintiff had his brother-in-law and wife helping him cut. The injury occurred when plaintiff's truck became stuck in some mud. While plaintiff was unloading the truck in an attempt to move it, a log fell, mashing his hand. The evidence as to the extent of disability the plaintiff sustained was disputed.
The facts of the instant case almost parallel those in Dennisv. Huff, 406 So.2d 412 (Ala.Civ.App. 1981). In Dennis we affirmed the trial court's judgment that the pulpwood cutter was an independent contractor. Based upon the factual similarity of the instant case to Dennis and in light of the narrow standard of review applicable, we have no alternative but to conclude that there is ample evidence to support the trial court's ruling. The judgment below is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 878