This is a workmen's compensation case.
The plaintiff, Hollis Miles, was severely burned in January 1985 when gasoline which he had spilled on himself was ignited. He had spilled the gasoline on himself while attempting to repair his truck which he used to haul timber. At the time of the accident, the plaintiff and Tennessee River Pulp and Paper Company (company) had entered into a contract under which the plaintiff cut and harvested timber for the company.
The plaintiff filed suit against the company for workmen's compensation benefits, claiming to be an employee of the company. He also named himself as a defendant, claiming alternatively that he was self-employed and due workmen's compensation benefits in that capacity.
Following ore tenus proceedings, the trial court entered a judgment denying any relief to the plaintiff.
The plaintiff appeals. We affirm.
The primary issue before this court is whether at the time of the accident the plaintiff was an employee of the company within the meaning of the workmen's compensation laws of this state or whether his relationship with the company was that of an independent contractor.
The long-standing test for determining whether an individual is an employee, as opposed to an independent contractor, is whether the "employer" had a reserved right to exercise control over the means and agencies by which the employee's work was done. See American Tennis Courts, Inc. v.Hinton, 378 So.2d 235 (Ala.Civ.App.), cert. denied,378 So.2d 239 (Ala. 1979). *Page 564 
In addressing this issue, we note at the outset that, because this workmen's compensation case is before this court on certiorari, see Ala. Code (1975), § 25-5-81(d) (1986 Repl.Vol.), our review is quite limited. If there is any legal evidence which supports the trial court's findings and conclusions, we must affirm. American Automobile Insurance Co.v. Hinote, 498 So.2d 848 (Ala.Civ.App. 1986); Lowe v.Walters, 491 So.2d 962 (Ala.Civ.App. 1986).
Under this standard of review, we find that the trial court's judgment is due to be affirmed because there is clearly legal evidence which supports its determination that the plaintiff was not an employee of the company within the meaning of the workmen's compensation laws.
The record reflects that the written contract between the plaintiff and the company specifically provided that the plaintiff was "an independent Contractor, engaged in an independently established trade or business" and that the plaintiff "reserve[d] the exclusive right in the management and operation of his business."
There was also testimony which confirmed the contractual provision that the plaintiff's relationship with the company was that of independent contractor. According to the testimony of a company employee, the company exercised little supervision over the plaintiff's work. Apparently, at most a company employee would go out to the plaintiff's job site an average of every two weeks to ensure that the timber was being cut in accordance with the company's timber deed, i.e., to make sure that the right timber was being cut. It does not appear that the company advised the plaintiff as to the amount of wood that he cut or the manner in which he cut it. The plaintiff furnished his own equipment and was paid a set amount per cord of timber delivered to the company.
We think that the above evidence supports the trial court's judgment because it tends to show that the company neither exercised actual control nor reserved the right to control the plaintiff's work.
The cases cited by both the plaintiff and the company wherein timber cutters were found to be either employees or independent contractors respectively are not particularly helpful because the facts in each case — as in this case — are unique. See Tuscaloosa Veneer Co. v. Martin, 233 Ala. 567,172 So. 608 (1937); Battles v. Thomas R. Foster Pulpwood Co.,444 So.2d 876 (Ala.Civ.App. 1984); Dennis v. Huff,406 So.2d 412 (Ala.Civ.App. 1981); Davis-Day Timber Co. v. Gentry,54 Ala. App. 385, 309 So.2d 97 (1975). See also Martin v. RepublicSteel, 226 Ala. 209, 146 So. 276 (1933).
We will readily admit that the record contains evidence which supports the plaintiff's contention that he was an employee of the company. In particular, we note evidence that, despite contractual provisions placing the burden on the plaintiff to procure workmen's compensation insurance for himself, the company apparently procured such insurance for the plaintiff and paid the premiums by deducting them from each payment it made to the plaintiff for timber.
Such evidence was certainly relevant to a determination by the trial court of whether the company was in effect the plaintiff's employer because it had elected to treat him as its employee. See Ala-Miss Enterprises, Inc. v. Beasley,446 So.2d 644 (Ala.Civ.App. 1984).
However, this court is not at liberty on certiorari to reweigh the significance of such evidence. Rather, we must affirm the trial court's judgment if it is supported by any evidence — though conflicting — that the plaintiff was an independent contractor as opposed to an employee. Davis-DayTimber Co., 54 Ala. App. 385, 309 So.2d 97.
The plaintiff also contends on appeal that he is due workmen's compensation benefits as a self-employed sole proprietor. He admits, however, that he did not in that capacity file an election to come within the workmen's compensation laws, as required by Ala. Code (1975), § 25-5-50.
Section 25-5-50 provides that the workmen's compensation laws shall not apply to "any employer who regularly employs less than three employees in any one business" but that such employer "may accept the *Page 565 
provisions of [the workmen's compensation laws] by filing written notice thereof with the department of industrial relations." Because the plaintiff has admittedly not filed a written notice of his election as an employer to accept the provisions of the workmen's compensation laws, his contention that he is due workmen's compensation benefits from his own proprietorship is without merit.
In view of the above, the plaintiff's additional contentions on appeal are pretermitted.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.