176 So.2d 500

**Deloris B. BOATRIGHT et al.**

v.

**DOTHAN AVIATION CORPORATION, Inc.**

**4 Div. 174.**

Supreme Court of Alabama.

June 17, 1965.

Merrill & Harrison, Dothan, for appellants.

Lee & McInish, Dothan, for appellee.

· LIVINGSTON, Chief Justice.

The appeal is from a judgment for the defendant in a workmen's compensation case. It is admitted that the elective compensation laws of Alabama, Secs. 253–313, Title 26, Code of Alabama 1940, are applicable to the parties to this proceeding.

The defendant, Dothan Aviation Corporation, Inc., is a corporation engaged in, among other things, the business of crop dusting. It owned and operated several airplanes which it used in its crop dusting, and employed several commercial pilots to operate these dusting machines. Bobby Jack Boatright was employed by defendant as a mechanic's helper. He also received flying instructions from some of the commercial pilots. These instructions were given to Boatright during his off hours from his work as a mechanic's helper, that is to say, during his lunch hours and on Saturdays and Sundays. It is immaterial for the purposes of this case as to how the defendant was compensated, if it were compensated, for these instructions.

· On May 27, 1960, the president of the defendant company gave Boatright instructions not to fly these planes solo again until he had had more dual-control instruction. The next day, May 28, 1960, Boatright took one of the planes up during his lunch hour contrary to these instructions. The plane crashed and Boatright was killed. He was survived by his widow and two dependent children. The widow and two dependent children filed this suit under the Workmen's Compensation Act.

The complaint so far as material here, alleged, in substance, that Boatright was killed while acting in the line and scope of his employment with said defendant; that he suffered an accident which arose out of and in the course of said employment, resulting in his death; that the said defendant has had due notice of said accident and the resulting death of said Boatright; the said accident being occasioned by the falling of an airplane owned by the said Dothan Aviation Corporation, Inc., a Corporation, and being piloted or driven by the said Boatright, deceased, which fell between Dothan, Alabama, and Headland, Alabama, and Boatright was instantly killed.

To the complaint, the defendant interposed a plea denying all of the allegations of the complaint. The defendant also filed a plea which, in substance, alleged that the death of Boatright resulted from the operation of an airplane, the property of the defendant, without permission of the defendant and contrary to specific instruction of Hugh W. Wheelless, President of the defendant corporation, not to fly said airplane "solo" again until he had received further dual-control instruction. Defendant further avers that the said Boatright willfully breached said instruction which was a reasonable rule, instruction or regulation of his employer, and which said instruction Boatright had knowledge. De-

fendant further averred that the death of Bobby Jack Boatright was caused by the willful misconduct of the said Bobby Jack Boatright in operating said airplane in an unsafe and dangerous manner in that he was making low passes at an altitude of approximately 20 to 30 feet above a cotton field contrary to safe operating procedure, and which was known to said Boatright and which was done outside the course of his employment and which did not arise out of his said employment.

The evidence was heard ore tenus before the trial court which found the following facts, among other facts not here material:

"* * * that the President of the defendant corporation, in the presence of two other witnesses, ordered the employee not to fly an airplane 'solo' again until he had received further flight training by 'dual instruction.'

"The Court further finds that said employee disregarded this order the following day and took off in a plane during the lunch hour, and while so engaged in said flight, the plane fell and he was killed.

"The Court finds that plaintiff's deceased husband (the employee) was killed while performing an act that constituted a wilful breach of an order promulgated by his employer; that said order further constituted a reasonable rule or regulation of the employer, of which the said employee had knowledge; that the employee was not engaged in the duties of his employment at the time of the accident which resulted in his death; and that the plaintiff is not entitled to recover under the Workmen's Compensation Law; * * *"

It is axiomatic that on certiorari to review judgments in compensation cases, this Court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support the facts found by the trial court, and this applies when the award of compensation is denied as well as where there has been a judgment favorable to the plaintiff. Our review here on certiorari is confined to questions of law apparent from the face of the record. Where testimony is conflicting but there is testimony supporting the finding of the trial court in proceedings under the Workmen's Compensation Act, such finding is conclusive. Bass v. Cowikee Mills, 259 Ala. 391, 67 So.2d 12, and cases therein cited.

Section 304, Title 26, Code of Alabama 1940, provides that the judgment "shall contain a statement of the law and facts and conclusions as determined by said judge."

This Court, in reference to this section, has said that there must be a finding of every fact necessary to sustain the judgment of the court except what is admitted in the answer.

The statute contemplates not a recital of the evidence, with its conflicting lights and tendencies, but a determination by the trial judge of the facts established by the evidence, responsive to the issues presented, with the conclusion as to whether the facts found establish or fail to establish the liability asserted; and there should be a finding of every fact necessary to sustain the judgment of the court. Head v. Triangle Construction Company, 274 Ala. 519, 150 So.2d 389, and cases therein cited.

Sec. 270, Title 26, Code of Alabama 1940, provides that:

"* * * compensation * * * shall be paid by every such employer in every case of personal injury or death of his employee caused by an accident arising out of and in the course of his employment, without regard to any question of negligence, except no compensation shall be allowed for an injury or death caused by the wilful misconduct of the employee * * * or his wilful breach of a reasonable rule or regulation of his

' employer, of which rule or regulation the employee has knowledge."

The section further provides that if the employer defends on the ground that the injury arose in the above-stated way, the burden of proof shall be on the employer to establish such defense.

Section 254, Title 26, Code of Alabama 1940, provides, in pertinent part:

"In all cases brought under this article, it shall not be a defense:

"That the employee was negligent, unless and except it shall also appear that such negligence was wilful, or that such employee was guilty of wilful misconduct as defined in section 270 of this title."

Appellant argues that the facts found by the trial court are based on evidence that was inadmissible under Sec. 433 of Title 7, Code of Alabama 1940, commonly known as the dead-man's statute. This argument is based on the premise that the evidence concerning the giving of the order or instruction by Mr. Wheelless to Boatright not to fly the plane again "solo" until he had received further dual-control instruction was inadmissible, and was admitted over the timely objection of appellant.

The evidence was admissible for the simple reason that an action under the Workmen's Compensation Laws is purely statutory and the estate of the deceased is not interested in the results of the suit. Sec. 253, Title 26, Code 1940; Atlantic Coast Line R. Co. v. Flowers, 241 Ala. 446, 3 So.2d 21. It is also argued by appellant that said instruction was merely advisory, or meant to be persuasive only, and did not arise to the dignity of an order, instruction or regulation by the employer. Suffice it to say, that the trial court found contrary to this argument and there is ample evidence to support his finding.

Assuming for the sake of argument only that the employee was performing services for the employer in the line and scope of his authority, and that the accident which killed Boatright arose out of and in the course of his employment, the evidence is ample to support a finding by the trial court that at the time Boatright was killed he was knowingly violating a reasonable rule, regulation or order of his employer which constituted willful misconduct of the deceased. Sections 254 and 270, Title 26, Code of Alabama 1940.

We have pretermitted the consideration of appellee's motion to dismiss because our affirmance of the case renders it unnecessary.

There is no sort of doubt but that the trial court found every fact necessary to sustain the judgment of the court below and the judgment is due to be, and is, affirmed.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.