210 So.2d 699

**Annie M. AGEE, as Admrx. et al.**

**v.**

**James B. LLOYD, Jr.**

**2 Div. 484.**

Supreme Court of Alabama.

May 2, 1968.

Jenkins, Cole, Callaway & Vance, Birmingham, for appellants.

Windell C. Owens, Monroeville, for appellee.

LIVINGSTON, Chief Justice.

This is a suit under the Alabama Workmen's Compensation Law, Title 26, Sec. 253 et seq., Code of Alabama 1940 (Recompiled in 1958), instituted by the dependents of William H. Agee against James B. Lloyd, Jr., to recover compensation for the death of Agee, which was averred to have been caused by an accident arising out of and in the course of his employment.

At trial, the parties stipulated that the deceased was employed by the defendant, that he was killed on the date alleged in an accident covered by the Workmen's Compensation Law in Alabama, and that his weekly earnings, within the meaning of said law, were $62.50 per week. It was further stipulated that the only disputed issues necessary for trial were those raised by defendant's plea four, contesting the dependency of the plaintiffs, and by defendant's plea five, affirmatively pleading that Agee's death was caused by his direct and willful violation of a reason-

able safety regulation of his employer, of which he had knowledge.

Following the trial of the cause, the court entered its judgment as follows:

"This cause coming on· to be heard upon the Complaint or Petition of the Plaintiff, the Answer of the Defendant, and the testimony taken orally before the Court, and the cause having been duly argued and submitted, the Court is of the opinion and finds as follows:

"The Court finds from the evidence that the injury and death of the said William L. Agee was caused by the said William L. Agee's wilful failure or refusal to connect his trailer brakes prior to departing on the trip on which he met death and that his failure to do so was a direct and wilful violation of a reasonable safety regulation of the employer and of which the said William L. Agee had knowledge.

"It is, therefore, CONSIDERED, ORDERED, and ADJUDGED by the Court that the Plaintiffs are not entitled to recover of the Defendant in this cause * * *."

The only question presented to this Court is whether there is any evidence to sustain the judgment of the trial court. Since the trial court found the plaintiffs were not entitled to compensation, it was not necessary for the trial court to make a finding of fact as to the dependency of the plaintiffs, and therefore this Court cannot rule on that issue on review by certiorari.

Agee was a truck driver for Lloyd, the defendant, who was in the timber business. At the time of the accident in which he was killed, Agee was driving a tractor-trailer hauling a load of poles which were about seventy feet long. At the place of the accident there was a slight downhill grade, a bottom, and then at the point of the accident there was a slight upgrade. The defendant and two of his employees

were the only witnesses to testify as to the physical facts at the scene of the accident, and there was no conflict over these facts. The witnesses testified that the tire tracks leading to the point of the accident were clear and showed that from a point about one hundred yards before the truck reached the point of the accident, it had begun to gradually lead off the left hand or wrong side of the dirt road, until finally it was completely off the road. At this point, the wheels of the tractor "mired up" in the soft earth off the shoulder of the road and the poles came forward, crushing the cab of the tractor and killing Agee. The tire tracks showed no skid marks or brake marks, and all three witnesses testified that, in their opinion, Agee had never tried to put on the brakes. They also testified that when they arrived at the scene of the accident the hose which supplies air to the trailer brakes was coiled up on the rear of the tractor and had not been connected to the trailer brakes by Agee. Lloyd testified that he required his drivers to always hook up their trailer brakes. One of the other witnesses, a former truck driver of Lloyd's, testified that Lloyd had instructed all of the drivers to keep the trailer brakes connected at all times and that this connection was a responsibility of the driver. He also stated that the trailer brakes would stop the truck better than the tractor brakes, and if it is necessary to stop suddenly by application of the tractor brakes only, the poles would likely slide forward. The third witness, a mechanic who worked on Lloyd's trucks, testified that he recovered the wrecked truck and found the tractor brakes were in good shape. He also said he had repaired the trailer brakes a few days prior to the accident.

The above is all we find in the record relevant to the accident and to the question of whether there is any evidence to sustain the judgment of the trial court that the proximate cause of Agee's death was his failure to connect his trailer brakes. The duty of this Court on review is well stated in Boatright v. Dothan Aviation Corporation, 278 Ala. 142, 176 So.2d 500, as follows:

> "It is axiomatic that on certiorari to review judgments in compensation cases, this Court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support the facts found by the trial court, and this applies when the award of compensation is denied as well as where there has been a judgment favorable to the plaintiff. Our review here on certiorari is confined to questions of law apparent from the face of the record. * * *".

We have searched the record and have found no evidence to support the finding of the trial court that the failure of Agee to connect the trailer brakes was the proximate cause of his death. All of the testimony relating to the brakes was to the effect that Agee never applied any brakes as he was going off of the road, even though his tractor brakes were in working condition. As Agee did have one system of brakes and did not use them, it would have made no difference if the trailer brakes had been connected. No reasonable view of the evidence will support the finding of the trial court. For this reason, judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

SIMPSON, MERRILL and HARWOOD, JJ., concur.