INGRAM, Judge.
The trial court found that the employee was not entitled to workmen’s compensation benefits. The employee appeals, contending that he suffered injuries caused by and in the course of his employment and should be compensated.
The employee began working for the employer in 1982. His employment entailed *278 relatively heavy labor, including the lifting of objects weighing eighty pounds or more and the use of power tools, such as air chisels, air files, and grinding wheels. His medical problems arose in August 1984, approximately twenty months after he started work.
At that time he noticed a bump or knot on top of his right wrist, which was subsequently diagnosed as a ganglion cyst. It was surgically removed, and the employee returned to his full work duties after a recovery period. Workmen’s compensation benefits were never paid and are not sought for that injury.
In September 1985 that cyst had returned, as well as one on the left wrist. Surgery was again performed on the right wrist, and the employee returned to work, but to lighter duties. In January 1986 he was diagnosed as having carpal tunnel syndrome in both wrists, a condition affecting the extensor tendons in the wrist. In June 1986 surgery was performed on the left wrist to remove the cyst and alleviate the carpal tunnel syndrome. He returned to work, but with doctor’s orders not to lift anything over ten pounds. Shortly thereafter the employee complained of further problems and pain in his hands and wrists and was given a weight restriction of no more than two pounds. In September 1986 he was laid off, the employer claiming that there was no work that would meet the employee’s latest medical limitations. After trial the employee apparently returned to work, having received a revised weight restriction of ten pounds.
The main issue in this case is whether the employee’s medical problems were work related. That is, did the employee suffer an injury “caused by an accident arising out of and in the course of his employment”? § 25-5-51, Code 1975.
Had the trial court ruled for the employee in this case, there would have been evidence to affirm such a decision. There was medical testimony, while not unequivocal on the question of whether the employee’s injuries were work related, that could have supported such a conclusion. What apparently gave the court trouble in this case was the unwillingness of the employee’s doctor to state with certainty that the employee’s injuries were caused by his employment.
In its judgment, the court made the following findings of fact in support of its determination that the employee was not entitled to workmen’s compensation benefits in this case:
“5. Padgett could not and did not relate any episode of trauma which could have caused the ganglion cysts or the carpal tunnel syndrome. Dr. Hillyer testified that ganglion cysts are definitely caused by a specific episode of trauma and that Padgett should have suffered some specific episode prior to the appearance of each of the cysts. As noted, however, Padgett did not testify to any specific episode of trauma at any point in time.
“6. Dr. Hillyer testified that the carpal tunnel syndrome was not directly related to Padgett’s work activities and that carpal tunnel syndrome can be caused by many different things, including trauma and hormones. Dr. Hillyer further testified that certain body builds and types are predisposed to carpal tunnel syndrome. The court notes that Pad-gett did not have carpal tunnel syndrome from November 1982 to October 1985, when he was doing the full activities of his job. The carpal tunnel syndrome did not appear in Padgett’s wrists until after he had been placed on extremely light duty at Neptune.”
Those findings are basically correct. Actually, the doctor testified at one point that “we are not a hundred percent sure that [ganglion cysts are] totally trauma related.” Nevertheless, the findings accurately reflect the doctor’s equivocation on the question of causation in both ganglion cysts and carpal tunnel syndrome.
It is well settled that on certiorari to review judgments in workmen’s compensation cases, a court will not look to weight of evidence as to any fact found by the trial court, but simply to see if there is any evidence or any reasonable inference therefrom to support facts found by the trial *279 court regardless of whether award of compensation has been denied or granted. Boatright v. Dothan Aviation Corp., 278 Ala. 142, 176 So.2d 500 (1965). Applying this standard to the instant case, we cannot say the court erred in denying compensation.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.