ROBERTSON, Presiding Judge,
dissenting.
Under the broad standard of review of Ex parte Eastwood Foods, Inc., 675 So.2d 91 (Ala.1991), the trial court could base its judgment upon the sole testimony of the “employer” that the deceased was not his “employee,” and this court or the supreme court could affirm.
I realize that our supreme court has held that the dead man’s statute, now § 12-21-163, Code 1975, was not applicable in workers’ compensation cases. Boatright v. Dothan Aviation Corp., 278 Ala. 142, 176 So.2d 500 (1965), citing Atlantic Coast Line R. Co. v. Flowers, 241 Ala. 446, 3 So.2d 21 (1941). I note that Atlantic Coast Line, cited for authority in Boatright, was not a workers’ compensation case. Also, in Boatright there was no question as to the employer-employee relationship, but the question was whether Boatright was instructed not to fly the plane again until he had received further instruction.
I think that when an employee suffers death in a work related accident, or is injured to the degree of being physically unable to testify as to the employer-employee relationship, the alleged employer should be estopped from testifying that the deceased was not an employee. The alleged employer could offer other evidence, i.e., signed contracts, etc., to rebut evidence of an employer-employee relationship. Since the deceased’s dependents are handicapped by the lack of the alleged employee’s testimony, the alleged employer should not be rewarded by being able to summarily deny the employer-employee relationship. There are many instances when only the employee and the employer know the true employment relationship.
In this case the “employee” was killed the second day on the job and never received a pay check. As to Miller’s estate being “interested” in the results of this action, surely the loss of his life while working affects his estate, which would be used to support his dependents.
I note that what I write to is not directly addressed as an issue in this appeal, but the supreme court should have an opportunity to review its holding in Boatright, especially as to the testimony of the alleged employer on the issue of the employer-employee relationship. A reasonable view of the other evidence in this case would support a finding that Miller was an employee of Mayfield Timber.