This is a workmen's compensation case.
The employee, an underground miner, was injured in the course of her employment in December 1983 and April 1985 and sought workmen's compensation for what she claimed to be permanent and total disability. Following ore tenus proceedings, the trial court found that the employee was permanently and totally disabled and awarded her workmen's compensation benefits for such disability.
On appeal this court reversed the judgment of the trial court because the undisputed evidence indicated that the employee had not reached her maximum medical improvement. AlabamaBy-Products Corp. v. Lolley, 506 So.2d 343 (Ala.Civ.App. 1987).
Following hearing on remand, the trial court again determined that, due to injuries received in April 1985, the employee was permanently and totally disabled and incapacitated from being retrained for gainful employment and that she had reached her maximum medical improvement. It ordered the employer to pay the employee bi-weekly compensation of $580 and a lump-sum attorney's fee equal to 15% of the compensation awarded the employee and payable out of the employee's benefits.
The employer appeals, raising four issues for our review.
Before specifically addressing the issues raised by the employer, we note that this case is before this court by way of certiorari. Ala. Code (1975), § 25-5-81(d) (1986 Repl.Vol.). Under the standard of review applicable on certiorari, this court may not look to the weight of the evidence presented to the trial court. Rather, we review the record only to determine if there is any legal evidence which supports the trial court's judgment. If there is such evidence, we must affirm. Miles v. Tennessee River Pulp PaperCo., 519 So.2d 562 (Ala.Civ.App. 1987); AmericanAutomobile Insurance Co. v. Hinote, 498 So.2d 848
(Ala.Civ.App. 1986).
 I
The primary issue before this court is that concerning the employee's preexisting injuries. The employer contends that the trial court, in awarding the employee benefits for a permanent and total disability, failed to take into account the employee's preexisting injuries and that the award, therefore, violates Ala. Code (1975), § 25-5-58.
We agree.
Ala. Code (1975), § 25-5-58, provides:
 "If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."
The basic purpose underlying this statute is to protect the employer from having to pay twice for the same injury. SeeDruid City Hospital Regional Medical Center v. Junkins,495 So.2d 69 (Ala.Civ.App. 1986). Cf. Ala. Code (1975), § 25-5-57(a)(4)e.
Our review of the record indicates the following: The employee filed suit in July 1984 for the on-the-job injury to her knee which she had suffered in December 1983. During the pendency of the suit she again injured her knee on the job in April 1985 and amended her complaint to encompass the latest injury.
In its findings of fact and conclusions of law, the trial court found that the employee's injuries occurred on only one date — April 18, 1985. Not only did the trial court apparently ignore the effect of the December 1983 injury, it also apparently ignored the fact that the employee had injured the same knee on three separate occasions in the course of her employment with this employer prior to December 1983, i.e., prior to the injuries for which she sought workmen's compensation.
The evidence shows that the employee injured her knee while working for the employer in approximately March 1982, September 1982, and June 1983. Following each injury, she was unable to work for several months, and each time she was paid workmen's compensation. *Page 887 
The evidence further showed that, following each of the employee's first three knee injuries, she had surgery on her knee. The first surgery in 1982 revealed that the employee suffered from severe degenerative arthritis in her knee. During the subsequent two surgeries the arthritis was cleaned out and a metal prosthesis was placed in her knee. None of the surgeries appeared to be 100% successful in that the employee continued to suffer pain and other problems with her knee, though she returned to work.
The employee herself testified that she has had trouble with her knee ever since her initial injury in 1982. She continued under the care of her orthopedic surgeon from the time of the 1982 injury through the date of trial. During office visits to her orthopedic surgeon, fluid had to be drawn from her knee.
On cross-examination the employee testified that, although the employer did not "officially" give her a lighter job following each of her first three knee injuries, she was actually given lighter work on the beltline and worked there unless she was needed at the face.
In view of the above, it can only be concluded that the employee was suffering from a preexisting injury or infirmity within the meaning of Ala. Code (1975), § 25-5-58, prior to the December 1983 injury for which she filed suit. In fact, given the fact that the employer has already paid the employee workmen's compensation benefits of some sort for each of her first three knee injuries, this case appears to be precisely the type in which the trial court should give consideration to the application of § 25-5-58. See Junkins,495 So.2d 69.
We, therefore, reverse and remand this case to the trial court for such consideration regarding § 25-5-58.
 II
The employer also contends on appeal that the evidence is insufficient to support the trial court's finding that the employee is totally incapacitated from working and unable to be retrained for gainful employment. We find this contention to be without merit.
As already noted, under the standard of review applicable on certiorari, this court must affirm if there is any evidence to support the trial court's findings. Miles,519 So.2d 562. Our review of the record reveals ample evidence which supports the trial court's finding of permanent and total disability and incapacity to be retrained for gainful employment.
The employee's testimony indicated that following her latest knee surgery — her fifth, a total knee replacement — she considers her condition to be worse. She testified that she cannot walk or bend her knee as well and that, because of the way she must now walk, her hip and back have begun to hurt. Her testimony indicated that she has to take quite a bit of medication for pain.
The plaintiff's vocational expert, Dr. Guthrie, testified that the plaintiff, who has a tenth-grade education and no specialized training, was cut off from 85%-90% of the jobs she could otherwise do if not for the injury. Dr. Guthrie testified that, given the factors of the employee's pain, the medication she must take, and her need to elevate her leg:
 "[S]he couldn't do any kind of work, and if she could, nobody would hire her.
". . . .
 ". . . The chances of her ever getting a job are just nothing. Nobody would hire her unless she's in some kind of special program. And then, the way she reports of pain, she wouldn't do it.
"So, she's unemployable, in my opinion."
Dr. Guthrie further opined, "I don't think you're going to get anybody to take her on for rehabilitation. She's not a viable client."
The trial court's finding of permanent and total disability and inability to be retrained is, therefore, supported by the evidence, subject to our conclusions regarding the applicability of § 25-5-58.
 III
The employer additionally contends that the trial court erred to reversal in *Page 888 
awarding the employee benefits for the remainder of her life. It contends that such an award violates Ala. Code (1975), §25-5-57(a)(4)a., which provides that "compensation shall be paid [only] during such permanent total disability."
We frankly find the employer's contention to be completely without merit. While a strict award of workmen's compensation benefits for the remainder of claimant's life has been found to violate § 25-5-57(a)(4)a., see Thompson Co.Contractors v. Cole, 391 So.2d 1042 (Ala.Civ.App. 1980), such was not the nature of the award in this case.
The employer ignores the fact that the award to the employee was "for the rest of her life or until further order of theCourt" (emphasis supplied). Clearly, by such language the trial court made provision for the termination of benefits should the employee's disability cease.
There is no violation of Ala. Code (1975), §25-5-57(a)(4)a. However, this aspect of the trial court's judgment may be readily revised on remand.
 IV
The final contention raised by the employer on appeal is that the trial court's award of a lump-sum attorney's fee in this case was in error because it violated Ala. Code (1975), §25-5-90. The employer has been joined in arguing this point by several amici curiae.
We find the employer's contention to be without merit.
As we have held on numerous occasions, it is within the discretion of the trial court under § 25-5-90 to direct the manner of payment of attorney's fees, Ashland Chemical Co.v. Watkins, 435 So.2d 1301 (Ala.Civ.App. 1983), and in exercising that discretion, the trial court may order the fee to be paid up front in lump sum to be deducted from the end of the employee's workmen's compensation payments. Jim WalterResources, Inc. v. Hall, 516 So.2d 690 (Ala.Civ.App. 1987); Transco Energy Co. v. Tyson, 497 So.2d 184
(Ala.Civ.App. 1986); Topline Retreads, Inc. v.Moore, 484 So.2d 1090 (Ala.Civ.App. 1985). See alsoSecond Injury Trust Fund v. Stanton, 512 So.2d 1377
(Ala.Civ.App. 1987). Such was the type of attorney's fee award made by the trial court in this case.
The employer's specific contention is that the lump-sum fee in this case violates the 15% cap on attorney's fees set by § 25-5-90 because the fee award was not reduced to present value.
This contention was also raised in the ToplineRetreads case, 484 So.2d 1090. In response thereto, this court held that the employer had no basis to complain about the attorney's fee award " 'since the employer pays no portion of such a fee but the employee must bear the whole fee out of compensation awarded.' " Topline Retreads, 484 So.2d at 1091 (quoting Rush v. Heflin, 411 So.2d 1295, 1297
(Ala.Civ.App. 1982)).
We now reiterate the position we took in ToplineRetreads. We would further note, however, the long-standing principle that future developments which might lessen the employer's workmen's compensation liability have no effect on the attorney's fee award. "The attorney has earned the fee regardless of subsequent changes. The computation of attorney's fees is based on the facts as to the attorney's services as of the time the services are rendered." AshlandChemical, 435 So.2d at 1303.
Similarly, we think that it would be improper to alter the amount of the attorney's fee — calculated according to § 25-5-90 at 15% of the amount of the employee's benefits — by attempting to reduce it to what the employer considers the present value of such a fee to be. In this regard, we would note that in their briefs neither the employer nor amici have favored this court with even a cursory explanation of how such a commutation to present value is to be fairly effected.
The trial court's action in awarding a lump-sum attorney's fee to the employee's counsel calculated at 15% of the employee's benefits and payable out of those benefits is in this instance not error, but is subject to revision on remand. *Page 889 
This case is reversed and remanded to the trial court for its consideration of the application and effect of Ala. Code (1975), § 25-5-58, on its award of workmen's compensation for the employee's permanent and total disability.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.