ROBERTSON, Judge.
This is a workmen’s compensation case.
Grady Wilson (employee) filed a workmen’s compensation claim for a back injury occurring in January 1984, within the scope of his employment with Drummond Company, Inc. (employer). After receiving ore tenus evidence the trial court found the employee suffered total permanent disability as a result of an on-the-job injury and awarded recovery for such. The trial court specifically found that any preexisting condition in no way affected the employee’s ability to perform his job as a full-time regular foreman for the employer, who accepted him with the knowledge of the previous injury. Therefore, such preexisting condition did not limit recovery as provided under §§ 25-5-57(a)(4)e and 25-5-58, Ala. Code 1975 (1986 Repl.Vol.). From that judgment, the employer appeals.
The primary issue on appeal is whether the trial court erred in not properly consid *565 ering the employee’s preexisting back disability within the context of §§ 25-5-57(a)(4)e and 25-5-58, Ala.Code 1975 (1986 Repl.Vol.).
It is undisputed that the employee suffered an on-the-job back injury in 1981 that required surgery and some time off work, but for which he did not receive any workmen’s compensation benefits. It is also undisputed that following the 1981 injury, the employee returned to the job of foreman for the employer. A dispute arises as to whether any special consideration was given his condition and ability to perform as a foreman following the 1981 injury, and there was conflicting testimony regarding that.
There was no disagreement that the employee performed the foreman job satisfactorily. He worked long, hard hours, including overtime on many occasions, because as a salaried foreman this was expected of him. He received periodic raises during the years 1981-1984, and had no personnel action against him due to his condition. It is also undisputed that a work-related accident occurred in January 1984, where the employee was severely injured. Both medical and lay testimony strongly support the finding of permanent total disability. There was medical testimony that the employee had physical limitations placed on him after the 1981 injury that prohibited hard manual labor. However, there was testimony from the employee, the employer, and other employees, that foremen did not perform hard manual labor for the employer. The employer contends that the employee never fully recovered from the 1981 injury and merely returned to work with a bad back and its limitations.
Our standard of review in workmen’s compensation appeals is narrow and limited. If there is any legal evidence to support the trial court’s findings, this court must affirm that judgment. Pike v. Heil Company, 529 So.2d 1020 (Ala.Civ.App. 1988); DeHart v. Ideal Basic Industries, Inc., 527 So.2d 136 (Ala.Civ.App.1988). We are limited to questions of law and examination of the evidence to determine if any legal evidence supports the trial court’s findings. DeHart, supra. The trial court, being closest to the case and having opportunity for observations not afforded in our review, has much discretion. It must look to all of the evidence before it, including its own observations, and interpret it according to its own best judgment. DeHart, supra.
This court does not have the authority to review the weight or preponderance of the evidence before the trial court. Additionally,' if there is conflicting testimony, the factual holdings of the trial court are conclusive. Washington v. Warrior Tractor & Equipment Co., 487 So.2d 1371 (Ala.Civ. App.1986).
The employer contends that the trial court erred to reversal by not properly considering the employee’s preexisting condition. Put another way, the employer alleges that the trial court failed to properly apply the law to the facts presented. Specifically, the employer alleges that § 25-5-57(a)(4)e, which deals with a second permanent injury and § 25-5-58, which addresses the effect of a preexisting disability on the present injury, were not properly applied.
This court has defined “infirmity” under this section to mean, “a condition which affects the employee’s ability to work as a normal man at the time of and prior to the accident, or would probably so affect him within the compensable period.” International Paper Co. v. Rogers, 500 So.2d 1102, 1103 (Ala.Civ.App.1986). Further, “[rjegardless of the existence of a preexisting condition or disease, if the employee was able to perform his duties prior to the subject injury,- no preexisting condition is present for compensation purposes.” International Paper, supra, at 1104; and “[i]f a condition is aggravated by an accident occurring in the course of employment, the condition is still compensable even though the accident may not have caused the same injury in a normal person.” International Paper, supra, at 1104.
Counsel for the employer cites Druid City Hospital Regional Medical Center v. Junkins, 495 So.2d 69 (Ala.Civ.App.1986), *566 and Drummond Co., v. Lolley, 528 So.2d 885 (Ala.Civ.App.1988), as controlling. In both of those cases, the employees returned to work with a disability from previous work-related injuries. A factor employer’s counsel overlooks is that both Jun-kins and Lolley involved previous compensated injuries. In fact, Lolley, which had the same counsel as the instant case, cites Junkins for the proposition that the basic purpose underlying the limited recovery is to protect the employer from paying for the same injury twice. That is clearly not the facts before us in this case.
There was testimony in Junkins and Lol-ley that, when the employees returned to work, consideration was given to the limitations caused by the previously compensated, work-related injuries. Those are the very type cases the statutory limitation is designed to cover.
In the instant case, there was evidence that the employee had been performing his foreman job in a normal manner for several years to the satisfaction of his employer. Testimony was before the trial court that the employee regularly worked long hours and received progressive pay raises for such, in the same manner as any other foreman without consideration for limiting his work. Even the employee’s superior testified that the employee worked regularly and satisfactorily as a foreman, perhaps even in spite of any preexisting injury, or pain he may have been suffering. We have held that § 25-5-58, Ala.Code 1975 (1986 Repl.Vol.) does not require an employee who worked satisfactorily and was not limited in work activities prior to the accident, to accept a reduced award for aggravation of a preexisting condition caused by an accident in the course of employment. International Paper, supra.
In reviewing the evidence presented to the trial court regarding any preexisting condition prior to January 1984, it appears that the trial court was acting within its discretion when it found that the disability, for purposes of workmen’s compensation, did not exist prior to January 1984. There is sufficient evidence to support the trial court’s findings and show that the trial court properly applied the law to the facts. Accordingly, this court is bound by attendant law to affirm.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.