INGRAM, Presiding Judge.
This workmen’s compensation case has been before this court on two prior occasions. For facts pertinent to this appeal, see Drummond Co. v. Lolley, 528 So.2d 885 (Ala.Civ.App.1988), and Alabama By-Products Corp. v. Lolley, 506 So.2d 343 (Ala.Civ.App.1987).
We reversed and remanded the original judgment on the basis that the employee had not reached her maximum medical improvement. Following a hearing on remand, the trial court found the employee to be permanently and totally disabled. The employer appealed, arguing, among other things, that the trial court failed to properly consider the employee’s preexisting knee injury, pursuant to § 25-5-58, Ala.Code 1975. We reversed and remanded the case to the trial court to consider the application of § 25-5-58. On remand, the trial court determined that § 25-5-58 was not applicable to the facts of the instant case. From that determination the employer appeals.
Section 25-5-58 provides the following:
“§ 25-5-58. Effect of preexisting injuries or infirmities.
“If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.”
The key words here are “infirmity” and “disability.” These terms have been defined as “simply a condition affecting the employee’s ability to work as a normal man.” Gold Kist, Inc. v. Nix, 519 So.2d 556, 557 (Ala.Civ.App.1987). A preexisting condition is defined in terms of its effect on the employee’s ability to earn. Gold Kist, supra. “[Section] 25-5-58 is to be liberally construed so as not to apply if the previous injury or infirmity has not demonstrated itself as disabling and prevented the employee from performing his job in a normal manner.” Robinson Foundry, Inc. v. Tinsley, 510 So.2d 825, 826 (Ala.Civ.App.1987).
In considering the applicability of § 25-5-58, the trial court made extensive findings of fact and determined that § 25-5-58 was not applicable. In doing so, it found the following:
“[t]hat ... the employer was fully informed as to Plaintiff’s impairments and limitations; that she performed the duties of her job as an underground coal miner, same classification, same pay *1322 scale as all the other underground coal miners performing duties similar to hers and that she functioned, even though suffering from a prior job related injury-in this employment, as a normal underground coal miner....”
Our review in workmen’s compensation cases is limited to a determination of whether there is any evidence to support the finding of fact by the trial court and if the trial court applied the correct law to such facts. Slimfold Mfg. Co. v. Martin, 417 So.2d 199 (Ala.Civ.App.1981). We do not consider the propriety of the trial court’s findings of fact, nor do we consider the weight of the evidence. Crown Textile Co. v. Dial, 507 So.2d 522 (Ala.Civ.App.1987). Findings of the trial court on conflicting testimony are conclusive. Suit v. Hudson Metals, 414 So.2d 115 (Ala.Civ.App.1982).
The evidence shows that, after each injury, the employee returned to her same job in the same classification with the same pay. Furthermore, there is no evidence in the record to indicate any failure by the employee to work as a normal person. Although there is conflicting testimony in the record, we cannot say that the record is devoid of any evidence to support the trial court’s finding. We find no error here.
The employer perfunctorily contends that the lump sum award of attorney fees in this instance should be reversed and remanded for proper calculation pursuant to Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988).
This issue was addressed and affirmed by this court on June 15, 1988. Drummond Co. v. Lolley, 528 So.2d 885 (Ala.Civ.App.1988). Ex parte St. Regis Corp. was decided by the Supreme Court of Alabama on July 15, 1988. We have stated that, when a case “was still in the appellate process of this court without a vested judgment at the time St. Regis was decided, we consider it appropriate to apply St. Regis.” Lewis G. Reed & Sons, Inc. v. Wimbley, 533 So.2d 628, 632 (Ala.Civ.App.1988). Here, we had addressed and affirmed the issue prior to the St. Regis decision. For appellate purposes, our decision on June 15, 1988, concerning attorney fees became vested on that date. St. Regis is not applicable to this case.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.