INGRAM, Presiding Judge.
The employee, Jarrett Daniel Vick, brought this action to recover benefits from his employer, James River-Norwalk, Inc., under the Workmen’s Compensation Act of Alabama. After hearing the evidence, the trial court found the employee totally and permanently disabled. The employer appeals.
The employer challenges the trial court’s finding of permanent total disability. It contends that there was no basis for a finding that the employee was “permanently” incapacitated from working or being retrained for gainful employment.
Our review in workmen’s compensation cases is limited to a determination of whether there is any legal evidence to support the trial court’s finding of fact. Ex parte Patterson, 561 So.2d 236 (Ala. 1990). *405 If any reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Patterson, supra.
The test for permanent total disability is the inability to perform one’s trade or to obtain gainful employment. Total disability is not absolute helplessness or entire physical disability. Southern Prestressed Concrete, Inc. v. Thomas, 485 So.2d 772 (Ala.Civ.App.1986), overruled on other grounds, Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988). The trial court must determine the extent of disability. It is not bound by expert medical testimony. In making its determination, the trial court must consider all the evidence, including its own observations, and interpret it according to its own best judgment. Edgewood Service Center v. Hogan, 440 So.2d 1076 (Ala.Civ.App. 1983).
The record reveals that the employee is 36 years old and has a high school diploma, with one quarter of college credit. In addition, he has a commercial pilot’s license and a certified flight instructor’s license. He testified, however, that because of the pain in his back he can no longer fly and cannot sit long enough to teach. His job history reveals that he has been solely engaged in manual labor. At the time of his injury, the employee had been with the employer since 1973. He injured his back while operating a toilet paper wrapping machine.
The employee testified that his back hurts continuously and hurts more as the day goes on; that he has to take pain pills and sleeping pills daily; that lying down helps to alleviate the pain when it becomes very bad; that he has pain down the right leg every day and occasionally down the left leg to the knee; that walking raises the pain level after 10 to 15 minutes and that standing does the same thing after 15 to 20 minutes; that riding any distance in a car causes pain for a day or two afterward and he is sometimes disabled by such activity so that he has to go to bed for a day or two; that he can squat and kneel to pick things up but that he cannot lean or bend; and that lifting increases the pain. The employee testified that he cannot do his former job and does not know of any job that he can do.
Dr. Cope, the neurosurgeon who performed a lumbar disectomy on the employee, testified that in his opinion the employee suffered a 20 percent permanent partial impairment. He testified that the employee should not return to the same type of work. He noted, however, that the employee could partially perform in a sedentary position if he were allowed to get up and walk when walking is needed or desired. He stated that the employee was not free from pain. Dr. Cook, an orthopaedic surgeon, testified that in his opinion the employee was totally disabled and that the duration of the disability would be extensive unless the pain problem was controlled and the employee was rehabilitated. He stated that it is improbable that the employee will be able to return to any semblance of significant gainful employment unless the above is accomplished. Lonnie Green, a vocational rehabilitation consultant, testified that the employee does not have “a residual functional capacity, considering the pain, to earn any money currently on a sustained basis.”
The employer asserts that evidence was presented to the effect that the employee could do sedentary work. As noted previously, the weight of the evidence is for the trial court’s determination. Southern Prestressed Concrete, Inc., supra. Here, the record reflects that because of the pain the employee is unable to seek gainful employment even of a sedentary nature. See Genpak Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). We, therefore, have no authority to disturb the trial court’s determination.
The employer next contends that the trial court erred in failing to grant summary judgment in its favor based on its statute of limitations argument. The pleadings established a question of fact as to whether the employee’s condition was caused by an injury in 1984 or by an injury in 1987. Therefore, disposal of that issue by way of summary judgment would have been improper. Concerning the statute of limita *406 tions defense in general, we have reviewed the evidence and are satisfied that the record supports a determination that the injury complained of in this instance occurred in 1987 and, therefore, would not be barred by the statute.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.