RUSSELL, Judge.
Wilmer R. Kelly (employee) filed an action under Alabama’s workmen’s compensation laws to recover benefits from CIBA-GEIGY Corporation (employer), alleging an injury resulting from an accident occurring in the course of his employment. After an ore tenus proceeding, the trial court found in favor of the employee, and the employer appeals. We affirm.
The dispositive issue is whether the trial court erred in finding the employee permanently and totally disabled from an accident occurring during the course of his employment.
We note that the standard of appellate review in workmen’s compensation cases is a two-step process. First, this court must determine if there is any legal evidence to support the trial court’s findings. If such legal evidence is found, then this court will determine whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The record reveals that at the time of trial the employee was sixty-four years old, had a seventh-grade education, and had worked for the employer for twenty-six years in several types of jobs.
The employee testified that his back was injured in September 1987 while he was working for the employer in the insulation department. He was “insulating on a pipe rack” some twenty to twenty-five feet *664 in the air, stepped on the end of a pipe which went down, and fell backwards against another pipe. He felt pain at that time, but was able to work. He told his supervisor about the accident the next day. About two weeks after the accident, the pain had worsened, and the employee went to the employer’s first-aid station, which referred him to Dr. Crotwell.
The employee also testified about his physical limitations since the accident. If he bends over, someone has to help him straighten up, and a wrong step will send a pain “from [his] belt to the end of [his] toes.” He is unable to perform any of his former jobs with the employer. He had never missed work because of an injury prior to the accident.
Dr. Crotwell testified that the type accident experienced by the employee is consistent with his injuries. He advised the employee not to do “any sort of labor activity”; not to lift anything over twenty pounds; and not to bend, stoop, climb, twist, or reach. Dr. Crotwell would also medically retire the employee if possible due to severe back problems and arthritis in his lumbar disc.
Tom Christiansen, a vocational rehabilitation specialist, testified that the employee’s injury and back condition “totally eliminate his capacity to earn wages” and “that he is not realistically employable in Mobile.”
Tom Clark, also a vocational rehabilitation specialist, testified that the employee’s loss of employability as a whole was around seventy-five to eighty percent. He further testified that the jobs that would be available to the employee were entry-level jobs at minimum wage.
The employer first contends that the trial court erred in finding the employee permanently totally disabled, claiming that there is no evidence that a job-related accident occurred which would make the employee’s claim compensable under the workmen’s compensation laws. The employer further argues in support of this contention that according to testimony by the employee’s supervisor, the employee did not report the accident to the supervisor the next day as testified by the employee, that the employee stated on a preprinted form that no accident was involved, and that Dr. Crot-well stated on a form which he signed that the injury did not arise out of the employee’s employment. The employee further could not recall the exact date that the accident occurred.
However, we note that the employee’s testimony as to the occurrence of the accident and his statement that he informed his supervisor about the accident the next day provide legal evidence to support the trial court’s findings. We find additional support in the following: The record indicates that the employee stated on the form that no accident was involved on the advice of a representative of the employer who was investigating the injury. Later, the employee also stated on a form, “no accident involved at time of illness but I did fall on pipe rack middle part of Sept. ’87.” In addition, the representative’s handwritten notations reveal that the employee told him that he had slipped while working on a pipe rack and felt a needlelike pain.
The employer also contends that the trial court erred in awarding a lump sum attorney’s fee, which was reduced to present value based on a six percent discount rate. It claims that a lump sum attorney’s fee is contrary to the workmen’s compensation laws and that a six percent discount rate causes the employer to pay a portion of the fee.
It has been held that an employer has no basis to challenge an attorney fee award as the employee bears the whole fee out of the compensation awarded. Drummond Co. v. Lolley, 528 So.2d 885 (Ala.Civ.App.1988); Topline Retreads of Decatur, Inc. v. Moore, 484 So.2d 1090 (Ala.Civ.App.1985). However, standing to appeal is conferred on employers ordered to pay a lump sum payment when the payments are not reduced to present value. Ex parte St. Regis Corp., 535 So.2d 160 (Ala.1988); Goodyear Tire & Rubber Co. v. Foreman, 551 So.2d 409 (Ala.Civ.App.1989). In the present case the trial court reduced the payments to present value, but the employer challenges the discount rate used in the reduction of the payments to present value.
*665 Section 25-5-83, Ala.Code 1975, states that “the amounts of compensation payable periodically under this article may be commuted to one or more lump sum payments_ In making such commutations, the lump sum payment shall, in the aggregate, amount to a sum equal to the present value of all future installments of compensation calculated on a six percent basis.” (Emphasis supplied.) In addition, § 25-5-90, Ala.Code 1975, allows the trial judge the discretion to set the attorney’s fee and the manner of its payment, not to exceed fifteen percent of the compensation awarded or paid. The trial court has the discretion to order a lump sum payment of the attorney’s fee, and when the trial court orders such a payment of the attorney’s fee, “the provisions of § 25-5-83 providing for computation of present value are fully applicable to this part of the award.” St. Regis, 535 So.2d at 162.
We find, based on the testimony of Dr. Crotwell and Tom Christiansen, one of the vocational rehabilitation specialists, that the trial court’s finding that the employee is permanently and totally disabled and that he is unable to return to his job or to be successfully retrained for any substantial gainful employment is supported by legal evidence and that a reasonable view of that evidence supports the trial court’s judgment. We further find that the trial court used the correct rate in discounting the payments to present value.
In view of the above, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.