ROBERTSON, Presiding Judge.
On January 11,1991, the Circuit Court of Madison County modified the divorce judgment of Ted Howell and Glenna Howell. The modification followed a proceeding at which ore tenus evidence was presented.
Under the terms of the court’s judgment modifying the divorce, the parties were ordered to cooperate in the sale of their marital residence and then to divide the proceeds of the sale equally. Prior to the modification, the wife had been living in the marital residence, and the husband was making the mortgage payments. Both parties alleged that this arrangement was in accordance with the original judgment of divorce; however, that order is not included in the record presented to us on appeal.
Also, the modification ordered the husband to pay the wife $150 bi-weekly until the marital residence was sold. Following the sale of the residence, the court ordered the husband to begin paying the wife $1,100 per month until her remarriage.
The husband appeals, asserting that the trial court was without authority to modify the original judgment of divorce. Specifically, he alleges that the trial court did not grant periodic alimony to the wife in the original divorce and, thus, could not modify the divorce and order him to make such payments.
Initially, we note that the original judgment of divorce does not appear in the record. Thus, we have no way of reviewing its provisions. Without that document, we cannot review the husband’s assertion that no provision for alimony was made and must presume that the trial court’s determination is correct. Brindley Construction Co. v. Flanagan Lumber Co., 441 So.2d 907 (Ala.Civ.App.1983).
In addition, both parties testified that the divorce judgment provided that the wife was to remain in the marital home, during which time the husband was to continue making mortgage payments on both a first and second mortgage, until either party desired that the home be sold.
In Stutts v. Stutts, 418 So.2d 113 (Ala.Civ.App.1981) aff'd, 418 So.2d 115 (Ala.1982), we held that a husband’s obligation to make mortgage payments may be considered alimony payments. Thus, in spite of the fact that we do not have the judgment of divorce before us, the testimony of the parties reveals that a payment in the nature of alimony was ordered, which could be modified.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.