Peggy Dower filed a complaint for workmen's compensation benefits in the Circuit Court of Dallas County against Sunshine Jr. Stores, Inc., alleging that she was owed benefits for a work-related injury to her back. Following oral proceedings, the trial court found Dower to be totally and permanently disabled. Sunshine appeals.
Sunshine asserts that no reasonable view of the evidence supports the trial court's findings. It insists that Dower failed to prove a causal connection between her 1987 injury and her employment. The trial court found otherwise. In doing so, it made the following findings of fact:
 "The Plaintiff is a 35-year-old black female with a high school education and approximately one-half year of post high school education. She was an employee of the Defendant, Sunshine Jr. Stores, Inc., in Selma, Alabama. She was originally injured while employed by the Defendant in 1985. She injured her back picking up a box at work. That injury was diagnosed by Dr. Lett as back spasms. She returned to work for the Defendant and worked continuously with apparently little, if any, problem until on or about April 28, 1987. Following the April 1987, injury she initially was treated by Dr. Lett and then again a few days thereafter by Dr. Okeke. She was hospitalized for about one week and went back to work after being off for approximately one to two months. She continued to work with pain and finally sometime around September 1988, she experienced more pain while at work and has been off work since that time.
 "The former manager of the store where she was working, Mattie Fails, confirmed that the Plaintiff suffered a job injury in April 1987, which Mrs. Fails reported to the District Manager. Mrs. Fails further confirms that the Plaintiff was originally injured in 1985; however, she continued to work with little problem.
". . . .
 "Based upon all the medical testimony submitted, the Plaintiff is at this time totally disabled."
In a workmen's compensation case, this court's review is limited to a determination of whether there is any legal evidence to support the trial court's conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parteEastwood Foods, Inc., 575 So.2d 91 (Ala. 1991).
For an injury to be compensable under Alabama workmen's compensation laws, the injury must be "caused by an accident arising out of and in the course of his employment." § 25-5-51, Code 1975. If the job causes the injury, it is an accident within the meaning of the act. Clanton v. Hudson Foods, Inc.,594 So.2d 141 (Ala.Civ.App. 1991). "[I]n order for there to be an 'accident' within the intent of the Workmen's Compensation Act, the injury suffered by the claimant must be legally caused by the performance of his duties and a causal relationship of a medical nature must exist between claimant's injury and his job." Hellums v. Hager, 360 So.2d 721 (Ala.Civ.App. 1978).
The trial court heard the evidence and observed the witnesses. It is the trier of fact and has the duty to weigh the evidence. This court is precluded from doing so.Genpak *Page 447 Corp. v. Gibson, 534 So.2d 312 (Ala.Civ.App. 1988). We examine the record to determine if the conclusion of the trial court is supported by the evidence. The trial court's finding that Dower's injury arose out of a 1987 work-related accident is supported by the evidence in this case. We find no error concerning the causal connection issue.
The issue of the statute of limitations presented by Sunshine is without merit. The court determined that Dower was injured in 1987. Our courts have decided that an aggravation of a previous injury is sufficient to support a finding of permanent total disability. Drummond Co. v. Wilson,547 So.2d 564 (Ala.Civ.App. 1989).
Sunshine contends that the trial court erred in finding Dower to be permanently and totally disabled. It insists that such a determination was premature. It suggests that the case should "be remanded until such time as the Plaintiff receives what medical care is necessary to determine whether or not she is permanently, totally disabled." Sunshine's argument is based on what it perceives to be an inconsistent finding by the trial court. That finding is as follows:
 "Based upon all the medical testimony submitted, the Plaintiff is at this time totally disabled. The Court is unable to make a determination if the total disability is permanent since the Plaintiff has been unable to afford the recommended surgery which may relieve her from some of her disability. Based upon her condition at present, however, it appears that without surgery the Plaintiff is totally and permanently disabled."
In its initial argument Sunshine does not cite any pertinent authority to support its position. We assume, however, from its reply brief that Sunshine's argument is based on § 25-5-77(b). That section provides, in pertinent part, the following:
 "If the injured employee refuses to comply with any reasonable request for examination, or refuses to accept the medical service or physical rehabilitation which the employer elects to furnish under the provisions of this chapter, his right to compensation shall be suspended and no compensation shall be payable for the period of such refusal."
In Cerrock Wire and Cable Co. v. Johnson, 533 So.2d 622
(Ala.Civ.App. 1988), we determined that a § 25-5-77(b) request only applies to "pending cases before final judgment of the circuit court, or after such judgment is procedurally reopened for alteration, amendment, or revision." (See § 25-5-57(a)(4)b.) This is because the reasonableness of the request is a question for the trier of fact. Lewis G. Reed Sons, Inc. v. Wimbley,533 So.2d 628 (Ala.Civ.App. 1988).
In its brief Sunshine contends that there was no evidence presented concerning the "reasonableness" of the surgery or of the reasonableness of Dower's refusal to have the surgery. Sunshine is correct in its contention. The record is devoid of any relevant evidence concerning this issue. From the record it appears that Dower never had the opportunity to refuse a surgical procedure because Sunshine never requested that she consider such an option.
Sunshine raised this issue, with specificity, for the first time on appeal. Because it was not properly presented to the trial court, we find no error.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 448