627 So.2d 931 (1992)
RED MOUNTAIN CONSTRUCTION COMPANY
v.
Ted Arnold NEELY.
2910226.
Court of Civil Appeals of Alabama.
December 4, 1992.
Rehearing Denied January 8, 1993.
Certiorari Quashed August 27, 1993.
*933 John J. Coleman III and Victoria J. Franklin of Balch & Bingham, Birmingham, for appellant.
R.B. Jones, Birmingham, for appellee.
Alabama Supreme Court 1920560.
THIGPEN, Judge.
This is a workmen's compensation case.
Ted Arnold Neely sued Red Mountain Construction Company (Red Mountain), contending that while working as a heavy equipment mechanic for Red Mountain, in September 1990, he fell and injured his back and legs. Neely received medical treatment for this injury and sought permanent total disability benefits. Following an ore tenus proceeding, the trial court found, inter alia, that Neely was injured in an accident occurring out of and in the course of his employment, and that Neely was permanently and totally disabled pursuant to Ala.Code 1975, § 25-5-57(a)(4)d. The trial court awarded Neely permanent total disability benefits and taxed costs to Red Mountain. Red Mountain appeals.
On appeal, Red Mountain contends that Neely could not have injured himself in the manner he contends; that Neely's accident did not arise out of the course of his employment; that the trial court should have reduced benefits because Neely had a pre-existing condition; that Neely has not shown permanent total disability; and that the trial court erred in awarding Neely permanent total disability benefits.
Our standard of review in workmen's compensation cases is two-pronged. Initially, this court must determine if there is any legal evidence to support the trial court's findings. If such evidence is found, then we determine whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
Red Mountain first contends that Neely failed to prove that he suffered a work-related injury. Neely testified that he was making an adjustment on a piece of heavy machinery when he fell from the machine. Red Mountain disputes Neely's version, and no witnesses to the fall were presented. The trial court specifically found that Neely was injured while working for Red Mountain, without detailing how the injury occurred. Ala.Code 1975, § 25-5-88, requires a workmen's compensation judgment to contain findings of fact and conclusions of law. Substantial compliance is sufficient. Littleton v. Gold Kist, Inc., 480 So.2d 1236 (Ala.Civ.App.1985). If the trial court's findings are meager or omissive, this court may look to the record to determine if the trial court's judgment should be upheld. Bradley v. Nelson, 507 So.2d 958 (Ala.Civ. App.1987). We have done so in this case and find sufficient evidence to sustain the trial court's judgment that the accident and resulting injury were work-related.
Red Mountain contends that Neely's injury did not arise out of his employment. Red Mountain correctly asserts that Alabama does not follow the "but for" test for legal causation in workmen's compensation cases. Slimfold Manufacturing Co. v. Martin, 417 So.2d 199 (Ala.Civ.App.1981). Rather, the claimant must establish a definite causal connection between the work and the injury. Slimfold, supra. The evidence reveals that Neely's injury occurred while he was repairing a piece of heavy machinery for his employer. The trial court's finding that Neely's injury arose out of his employment is supported by record evidence.
Red Mountain argues that at least a portion of Neely's disability resulted from a pre-existing condition, and that the percentage of disability awarded to him should be reduced accordingly, citing Ala.Code 1975, § 25-5-58, for support. The record reveals that Neely had suffered injuries in previous falls. Red Mountain references Neely's pretrial deposition, which does not appear of record, as a basis for its contention that *934 Neely had a pre-existing condition. Our review is limited to the record, and without Neely's deposition, we cannot consider Red Mountain's contention because we must presume that the trial court's determination is correct. Howell v. Howell, 594 So.2d 140 (Ala.Civ.App.1991). Further, the record cannot be changed or altered on appeal by statements in briefs of counsel. Bechtel v. Crown Central Petroleum Corp., 451 So.2d 793 (Ala. 1984). At trial, Neely denied that he suffered from a pre-existing disability. Ala. Code 1975, § 25-5-58, is to be liberally construed. Drummond Co. v. Lolley, 562 So.2d 1320 (Ala.Civ.App.1989). It does not apply if the previous injury has not proven to be disabling and thus has not prevented the employee from performing his job in the normal manner. Drummond, supra. The trial court's finding that Neely did not suffer from a pre-existing injury is without error.
Red Mountain next argues that Neely's disability rating cannot exceed 50%. Dr. William Crunk, a vocational rehabilitation specialist, testified that Neely suffered a 100% disability, but he also stated that the disability rating would be lower, perhaps 50%, if Neely could work with restrictions. Trial courts are not bound by the testimony of expert witnesses, even when that testimony is uncontroverted. Patrick v. Femco Southeast, Inc., 565 So.2d 644 (Ala.Civ.App. 1990). The trial court determines the extent of disability by considering all of the evidence, including its own observations, and interprets such according to its own best judgment. James River-Norwalk, Inc. v. Vick, 569 So.2d 404 (Ala.Civ.App.1990).
The record reveals that at the time of trial, Neely was 55 years old, that he has no more than an eighth- or ninth-grade education, and that he has worked with heavy machinery for most of his life. Neely and his wife testified regarding Neely's pain. Dr. Richard McFague, who is board-certified in physical medicine and rehabilitation, testified that Neely showed signs of nerve damage and degenerative disc disease, and that the muscles in Neely's leg were atrophied. Dr. Crunk testified that Neely would have difficulty securing employment with an atrophied leg. This evidence supports the trial court's determination regarding the extent of Neely's disability.
Last, Red Mountain contends that Neely has not shown permanent total disability because, it claims, Neely is capable of returning to his former job, and that Neely can be retrained or rehabilitated to perform other jobs.
The trial court's order states: "The court is of the opinion that [Neely] has sustained a permanent injury or impairment which incapacitates him from gainful employment at this time." (Emphasis added.) Red Mountain argues that "at this time" indicates a temporary disability, and that the trial court's finding of permanent disability is inconsistent. The trial court's intent, however, is evident elsewhere in the judgment, which refers to Neely's "total and permanent disability within the meaning of Code of Alabama, 25-5-57(A)(4)d. 1975."
Red Mountain contends that Neely can return to his former job or find other gainful employment. The evidence regarding whether Neely can return to his former job is conflicting. Dr. McFague testified that Neely could return to work, with certain restrictions, but he later opined that Neely could not return to work. Red Mountain asserts that this evidence shows Neely could return to work on a limited basis. As noted above, the weight of the evidence is for the trial court to determine. James River-Norwalk, supra. The trial court's order indicates that the trial court gave due consideration to the relevant factors regarding Neely's disability.
Red Mountain's related contention, that the trial court did not find Neely to be an unsuitable candidate for retraining or rehabilitation, is persuasive. Permanent total disability is the inability to perform one's trade and the inability to find gainful employment elsewhere; the search for gainful employment includes retraining and/or rehabilitation. Mead Paper Co. v. Brizendine, 575 So.2d 571 (Ala.Civ.App.1990).
"The question of whether an employee can return to his former trade is basically a threshold issue; if the employee can resume his trade then it is obvious that he *935 is not permanently, totally disabled, and the court need inquire no further. If he is unable to return to his trade, then § 25-5-57 requires the court to find that other employment is unavailable and retraining is not feasible."
Brizendine at 574.
Ordinarily, the trial court is not required to make an explicit finding of fact that the worker cannot be retrained for gainful employment. Such a finding is implicit when the trial court specifically finds that the employee is permanently and totally disabled, and such finding is supported by the evidence. Brizendine, supra. In this case, however, we cannot draw such an inference. The trial court's order stated that "[t]he Court was not presented with any clear evidence as to the existence of any accommodations that may be available to [Neely] or as to any rehabilitation and/or retraining program that might enable [Neely] to become employable." The trial court retained jurisdiction of Neely's "rehabilitation rights and/or retraining." Such finding is inconsistent with a finding of total permanent disability. If Neely can be retrained or can return to his former job with limitations, then obviously he is not totally and permanently disabled. See Brizendine, supra.
Therefore, we reverse the judgment and remand the cause to the trial court for a further determination regarding Neely's suitability for retraining and/or rehabilitation.
REVERSED AND REMANDED WITH INSTRUCTIONS.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents in part.
ROBERTSON, Presiding Judge, dissenting.
I dissent. I would affirm the trial court in this case.